# Exhibit 21

# Retsinformation

- Table of Contents
- Later changes to the regulation

See detailed overview

ACT no. 1563 of 12/12/2023 § 4

- Amends/Cancels
- The document's incorporated regulations

See detailed overview

LBK no. 1283 of 25/10/2016

ACT no. 1555 of 19/12/2017

ACT no. 1429 of 05/12/2018

ACT no. 84 of 30/01/2019

ACT no. 1124 of 19/11/2019

ACT no. 1576 of 27/12/2019

ACT no. 2610 of 28/12/2021

- Additional documents

All executive orders etc. and circulars etc. to this statutory order

Decisions made in accordance with this legal regulation

Reports from the ombudsman applying this legal regulation

APPLICABLE

## Reprint note

18/10/2022

The statutory order has been reprinted, as the chapter entries were not formatted correctly. No changes have been made to the content of the statutory order during the reprint.

## LBK no. 1390 of 29/09/2022

Ministry of Taxation

The Capital Gains Act

More information >

# Promulgation of the Act on Tax Treatment of Gains and Losses on Receivables, Debts and Financial Contracts (Capital Gains Act)

The Act on the tax treatment of gains and losses on receivables, debts and financial contracts (Capital Gains Act) is hereby promulgated, cf. Executive Order No. 1283 of 25 October 2016, with the amendments resulting from § 3 of Act No. 1555 of 19. December 2017, Section 35 of Act No. 1429 of 5 December 2018, Section 5 of Act No. 84 of 30 January 2019, Section 2 of Act No. 1124 of 19 November 2019, Section 3 of Act No. 1576 of 27 December 2019 and § 4 of Act No. 2610 of 28 December 2021.

## Chapter 1

*Scope of the Act*

**Section 1.** [1] – This Act includes

1) gain and loss from the relinquishment or settlement of monetary claims including bonds, mortgages and promissory notes,

2) gain and loss on discharge of debt and

3) gains and losses on futures contracts and agreements on purchase rights and sale rights without regard to the rules that apply to the underlying asset.

*PCS. 2.* Regardless of §§ 16 A and 16 B of the Settlement Act, installments on and surrender sums for claims on group-affiliated companies, cf. Section 2 of the Settlement Act, must be processed in accordance with the rules of this Act.

*PCS. 3.* The Act does not cover gains and losses on receivables and debts that are included in the taxation of profit from the sale of real estate that belongs to the taxable person's business, cf. section 4 of the National Tax Act, cf. section 5 a.

*PCS. 4.* The Act also does not cover gains and losses on convertible bonds and premium bonds.

## Chapter 2

*Companies etc*

**§ 2.** Companies, foundations and associations, etc., which are liable to tax according to the Corporation Tax Act or the Foundation Taxation Act, must, when calculating the taxable income, include gains and losses on receivables and debts covered by § 1, according to the rules specified in this chapter and section 29 as well as in chapters 4, 4 a, 5 and 7.

*Receivables*

**§ 3.** Profit and loss on receivables are included in the calculation of the taxable income, cf. however §§ 4, 5 and 24 A.

**§ 4.** Losses on receivables from affiliated companies cannot be deducted. This also applies to losses on receivables from jointly taxed companies and companies that may be jointly taxed, cf. the Corporation Tax Act §§ 31 and 31 A. The non-deductible loss is calculated on the basis of the exchange rates at the time of acquisition of the claim without regard to changes in the exchange rates.

*PCS. 2.* By group-affiliated companies is understood

1) companies and associations, etc., where the same group of shareholders directly or indirectly owns more than 50 per cent upon acquisition of the claim or at some later time. of the share capital in each company,

2) companies and associations, etc., where the same group of shareholders directly or indirectly owns more than 50 per cent upon acquisition of the claim or at some later time. of the votes in each company,

3) a fund and companies in which the fund directly or indirectly owns more than 50 per cent upon acquisition of the claim or at some later time. of the share capital in each company, or

4) a fund and companies in which the fund directly or indirectly owns more than 50 per cent upon acquisition of the claim or at some later time. of the votes in each company.

Shareholders as mentioned in section 4, subsection of the share capital gains taxation act. 2, is considered to be one and the same shareholder in the assessment of the group of shareholders. When calculating voting shares, votes that have only been obtained by transfer of voting rights in connection with acquired security in shares are disregarded.

*PCS. 3* pieces. 1 does not apply if the claim has been acquired as taxable consideration for supplied goods and other assets as well as services, and the creditor has not been jointly taxed with the debtor, or the claim has been established after the end of joint taxation. However, this only applies if it is proven that the corresponding gain on the debt is taxable for the debtor or is covered by rules on the reduction of unused, deductible losses and losses. If the tax liability or the reduction of unused, deductible losses and losses for the debtor depends on the access to deductions for the creditor, the gain is deemed to be taxable pursuant to this provision or covered by rules on the reduction of unused, deductible losses and losses. Furthermore, subsection 1 does not apply to losses on bonds or other claims admitted to trading on a regulated market.

*PCS. 4* pcs. 1 also does not apply to interest claims, if the interest in question is included in the calculation of the creditor's taxable income, and the creditor has not been jointly taxed with the debtor, or the interest claim has arisen after the end of joint taxation.

*PCS. 5* pieces. 1 also does not apply to taxpayers who carry on a business by buying and selling receivables or run a business by way of financing, if the group connection is established solely for the purpose of the creditor's temporary operation of the debtor's business for the settlement of previously granted loans or for assistance in the restructuring of business enterprises .

§ 5. Losses on a claim cannot be deducted if interest income from the claim or gains on the claim covered by this Act as a result of a double taxation agreement are not to be included in the calculation of the taxable income.

*Debt*

§ 6. Gains and losses on debt are included in the calculation of the taxable income, cf. however §§ 8, 24 and 24 A on gains as a result of debt forgiveness by arrangement etc.

*PCS. 2.* Acquires group-affiliated companies etc. or shareholders in the group-affiliated companies' common shareholder group, cf. § 4, subsection 2, directly or indirectly a claim on the debtor company from a creditor who is neither affiliated with the debtor company nor covered by the common shareholders, this is equated with discharge of debt for the debtor company, which must be included in the calculation of the taxable income according to the rules in subsection 1. 1. point applies accordingly if the claim is acquired by a person who has decisive influence in the debtor company, cf. section 2 of the Equalization Act. When calculating the gain on the debt according to section 26, subsection 3, the market value of the transferred claim at the time of the transfer is used as the value of the debt upon release. The value after the 3rd point is then considered to constitute the value of the debt at the time of assumption in a subsequent calculation of profit and loss on the same debt.

§ 7. (Repealed)

§ 8. Profit on debt to group-affiliated companies, cf. § 4, subsection 2, and jointly taxed companies, cf. sections 31 and 31 A of the Corporation Tax Act, shall not be included if the creditor pursuant to section 4, subsection 1, or according to §§ 6 or 7 of the pension return taxation act, cannot deduct the corresponding loss from the claim. The tax-free gain is calculated as the difference between the value of the debt at the time of assumption and the value of the claim for the creditor at the time of the debt forgiveness. 1st and 2nd point similarly applies to gains on debts to foreign group-affiliated companies, cf. § 4, subsection 2, and jointly taxed companies and companies that may be jointly taxed, cf. Section 31 A of the Corporation Tax Act, if the creditor pursuant to Section 4, subsection 1, or according to §§ 6 or 7 of the pension returns taxation act, would not be able to deduct the corresponding loss from the claim if the creditor was liable to tax in Denmark, and it is proved that losses of the type in question are not deductible.

§ 9. (Repealed)

§ 10. Mortgage credit institutions that are licensed in accordance with the Financial Business Act, the Credit Association of Municipalities and Regions in Denmark and limited liability companies that are covered by the Act on a Ship Financing Institution shall not include gains and losses on the following receivables and debts when calculating the taxable income:

1) Lån i danske kroner, der udbetales på grundlag af realkreditobligationer eller andre værdipapirer, og de herved udstedte værdipapirer, når instituttets kursgevinst på udlånet inden for hvert indkomstår vil svare til instituttets kurstab på de udstedte værdipapirer, idet der dog ses bort fra forskelle mellem indkomstårets kursgevinst og kurstab som følge af mindre tidsmæssige afvigelser mellem forfaldsterminer og mellem indfrielser og de dertil hørende udtrækninger,
2) indekslån og indeksobligationer,
3) lån og obligationer, der er ydet henholdsvis udstedt efter § 17, stk. 1, 2. pkt., og § 20 i lov om realkreditinstitutter, jf. lovbekendtgørelse nr. 571 af 15. august 1989,
4) lån ydet til yngre jordbrugere af Dansk Landbrugs Realkreditfond, jf. lovbekendtgørelse nr. 110 af 25. februar 1991, kontantlån ydet til jordbrugere af Dansk Landbrugs Realkreditfond, jf. lov om statsgaranti for gældssaneringslån til jordbrugere, og kontantlån, som er eller bliver optaget til refinansiering af K-lån optaget i Dansk Landbrugs Realkreditfond, når det er en betingelse for K-lånet, at refinansiering skal finde sted som kontantlån,
5) henstandslån, der er ydet i henhold til lov nr. 481 af 5. november 1980, kollegielån, der er ydet i henhold til lov nr. 235 af 8. juni 1979, samt lån, der er ydet i henhold til § 4 b i lov om midlertidig offentlig støtte til almennyttigt boligbyggeri, jf. lovbekendtgørelse nr. 191 af 4. maj 1977, som ændret ved lov nr. 261 af 8. juni 1978,
6) kontantlån i danske kroner og de dertil svarende obligationer, der er ydet henholdsvis udstedt af realkreditinstitutter godkendt i henhold til realkreditloven eller Kreditforeningen af kommuner og regioner i Danmark.

*Stk. 2.* Den del af rentebetalingerne på kontantlånspantebreve ydet i overensstemmelse med stk. 1, nr. 2, 3, 4 og 6, som svarer til beløb, der udgiftsføres på den amortisationskonto, der er oprettet for hvert pantebrev, medregnes ikke.

*Stk. 3.* Ved kontantlån ydet på basis af obligationer til overkurs kan den del af obligationsrenteudgiften, som overstiger låntagernes renteindbetalinger ifølge kontantlånspantebrevene, ikke fradrages.

*Stk. 4.* Stk. 1-3 finder tilsvarende anvendelse, hvor realkreditobligationer eller andre værdipapirer udstedes i forbindelse med instituttets indgåelse af kursaftaler, såfremt der ved kursaftalens udløb ydes eller refinansieres lån, der er omfattet af stk. 1, nr. 1, 2, 4 eller 6, på grundlag af de udstedte værdipapirer.

*Stk. 5.* Lovens almindelige regler finder dog anvendelse på gevinst og tab på lån som nævnt i stk. 1, der skyldes debitors misligholdelse. Gevinst og tab opgøres på tidspunktet for engagementets afslutning. Ved engagementets afslutning forstås det tidspunkt, hvor det overtagne pant afstås eller overflyttes fra engagementskontoen til ejendomskontoen.

**§ 11.** Erhverver et obligationsudstedende selskab m.v. egne obligationer, betragtes dette ikke som bortfald af gæld som følge af sammenfald af debitor og kreditor (konfusion), medmindre obligationerne annulleres.

Kapitel 3

*Personer*

**§ 12.** Personer, der er skattepligtige efter kildeskatteloven, og dødsboer, der er skattepligtige efter dødsboskatteloven, skal ved opgørelsen af den skattepligtige indkomst medregne gevinst og tab på fordringer og gæld, som omfattes af § 1, efter de regler, der er angivet i dette kapitel og § 29 samt i kapitel 4, 5 og 7.

*Fordringer og pengenæring*

**§ 13.** Hvis personen eller dødsboet udøver næring ved køb og salg af fordringer eller driver næringsvirksomhed ved finansiering, medregnes gevinst og tab på fordringer ved opgørelsen af den skattepligtige indkomst, jf. dog § 18.

*Stk. 2.* Godtgøres det, at en fordring er erhvervet uden for den skattepligtiges næringsvirksomhed og ikke senere er indgået i denne, omfatter stk. 1 ikke gevinst og tab på en sådan fordring.

*Andre fordringer*

**§ 14.** [2]) Gevinst og tab på fordringer medregnes ved opgørelsen af den skattepligtige indkomst, jf. dog stk. 2 og §§ 15, 17 og 18. 1. pkt. finder dog alene anvendelse, hvis årets nettogevinst eller nettotab sammenlagt med nettogevinster og nettotab omfattet af § 23 og gevinst og tab på investeringsbeviser i obligationsbaserede investeringsinstitutter med minimumsbeskatning, jf. aktieavancebeskatningslovens § 22, overstiger 2.000 kr.

*Stk. 2.* Tab på fordringer på selskaber, hvorover den skattepligtige har eller har haft en indflydelse som omhandlet i aktieavancebeskatningslovens § 4, eller tab på fordringer på den skattepligtiges ægtefælle, forældre og bedsteforældre samt børn og børnebørn og disses ægtefæller eller dødsboer efter de nævnte personer kan ikke fradrages. Stedbarns- og adoptivforhold sidestilles med naturligt slægtskabsforhold. For fordringer i fremmed valuta opgøres det ikkefradragsberettigede tab efter 1. og 2. pkt. på grundlag af valutakurserne på tidspunktet for fordringens erhvervelse.

**§ 15.** Fradrag for tab efter § 14, stk. 1, på fordringer, der er optaget til handel på et reguleret marked, er betinget af, at told- og skatteforvaltningen inden udløbet af oplysningsfristen efter skattekontrollovens §§ 10 og 11, jf. § 13, for det indkomstår, hvor erhvervelsen har fundet sted, har modtaget oplysninger om erhvervelsen af fordringen med angivelse af fordringens identitet, antallet eller pålydende værdi, anskaffelsestidspunktet og anskaffelsessummen.

*Stk. 2.* Betingelserne i stk. 1 anses for opfyldt, hvis told- og skatteforvaltningen uanset tidsfristen i stk. 1 har modtaget oplysninger om erhvervelsen ved indberetning fra andre indberetningspligtige end den skattepligtige efter skatteindberetningslovens §§ 19 eller 20. Betingelserne i stk. 1 anses uanset tidsfristen ligeledes for opfyldt, hvis den skattepligtige kan påvise, at de indberetninger, der er foretaget på dennes vegne, er ukorrekte.

*Stk. 3.* For fordringer erhvervet forud for indtræden af skattepligt her til landet anses betingelserne i stk. 1 for opfyldt, hvis den skattepligtige har indsendt oplysninger til told- og skatteforvaltningen om beholdningen af fordringer ved indtræden af skattepligt her til landet. Oplysningerne efter 1. pkt. skal være indsendt til told- og skatteforvaltningen inden udløbet af oplysningsfristen efter skattekontrollovens §§ 10 og 11, jf. § 13, for det indkomstår, hvor skattepligt her til landet indtræder. For fordringer, der indgår i en beholdningsoversigt, jf. § 38 A, anses betingelserne i stk. 1 ligeledes for opfyldt.

*Stk. 4.* For fordringer, som i den skattepligtiges ejertid optages til handel på et reguleret marked uden i forvejen at være optaget til handel, anses betingelserne i stk. 1 for opfyldt, hvis told- og skatteforvaltningen har modtaget oplysninger om erhvervelsen af fordringen inden udløbet af oplysningsfristen efter skattekontrollovens §§ 10 og 11, jf. § 13, for det indkomstår, hvor fordringen optages til handel på et reguleret marked. Betingelserne i 1. pkt. anses for opfyldt, hvis told- og skatteforvaltningen uanset tidsfristen i 1. pkt. har modtaget oplysninger om besiddelsen ved indberetning efter skatteindberetningslovens § 18.

*Stk. 5.* For fordringer erhvervet ved udlodning fra et dødsbo, hvor boopgørelsen er indleveret efter fristen i stk. 1, anses betingelsen i stk. 1 for opfyldt, hvis udlodningsmodtageren senest samtidig med indlevering af boopgørelsen afgiver de i stk. 1 angivne oplysninger til told- og skatteforvaltningen.

**§ 16.** (Ophævet)

**§ 17.** For tab på fordringer, der er erhvervet som vederlag i næring og for tab på fordringer, der i øvrigt er erhvervet i tilknytning til den erhvervsmæssige drift af virksomheden, finder reglerne i statsskattelovens § 6 a anvendelse, jf. dog § 18.

*Tab på fordringer omfattet af en dobbeltbeskatningsoverenskomst*

**§ 18.** Uanset §§ 13, 14 og 17 kan tab på en fordring ikke fradrages, såfremt renteindtægter af fordringen eller gevinster på fordringen omfattet af denne lov som følge af en dobbeltbeskatningsoverenskomst ikke skal medregnes ved opgørelse af den skattepligtige indkomst.

*Gæld og pengenæring*

**§ 19.** Hvis personen eller dødsboet driver næringsvirksomhed ved finansiering, og gælden vedrører denne virksomhed, medregnes gevinst og tab på gæld ved opgørelsen af den skattepligtige indkomst, jf. dog § 24 om gevinst som følge af gældseftergivelse ved akkord m.v.

*Anden gæld*

**§ 20.** Gevinst og tab på gæld skal medregnes ved opgørelsen af den skattepligtige indkomst efter §§ 21-23.

**§ 21.** Gevinst ved eftergivelse, forældelse, konfusion eller præklusion af gæld medregnes i det omfang, gælden nedskrives til et lavere beløb end fordringens værdi for kreditor på tidspunktet for gældseftergivelsen m.v., jf. tillige § 24 om gevinst som følge af gældseftergivelse ved akkord m.v.

*Stk. 2.* Gevinst ved eftergivelse, forældelse, konfusion eller præklusion af gæld til selskaber m.v., hvori den skattepligtige eller dennes nærtstående som nævnt i aktieavancebeskatningslovens § 4, stk. 2, direkte eller indirekte ejer eller på noget tidspunkt siden påtagelsen af gælden har ejet aktier, medregnes ved opgørelsen af den skattepligtige indkomst. 1. pkt. finder tilsvarende anvendelse på gevinst på gæld, hvor gælden tidligere har været til et selskab omfattet af 1. pkt., og hvor debitor var insolvent ved overdragelsen fra selskabet. 1. og 2. pkt. gælder ikke, hvor det långivende selskab er et pengeinstitut, og personen direkte og indirekte højst ejer eller har ejet 5 pct. af aktiekapitalen. 1. og 2. pkt. gælder ikke, i det omfang den påtagne forpligtelse er omfattet af ligningslovens § 16 E.

**§ 22.** [3)] Hvis en fordring stiftes på sådanne vilkår, at fordringens værdi på tidspunktet for debitors påtagelse af gælden overstiger det beløb, som debitor skal indfri, skal debitor medregne denne gevinst. § 25 og § 26, stk. 5, anvendes ikke. En debitors overtagelse af en gæld, der er stiftet på de vilkår, som er nævnt i 1. pkt., eller en refinansiering af et lån betragtes som stiftelse af en ny gæld. I disse tilfælde opgøres den skattepligtige gevinst efter 1. pkt. som forskellen mellem fordringens værdi på refinansierings- eller overtagelsestidspunktet og det beløb, som debitor skal indfri. Reglen i 1. pkt. gælder ikke lån ydet af et selskab, en person eller et dødsbo, der driver næringsvirksomhed ved finansiering, med sikkerhed i fast ejendom eller skibe eller med direkte hæftelse eller garanti fra centralregeringer, centralbanker, offentlige enheder eller regionale eller lokale myndigheder i et land inden for EU eller EØS, hvis lånet enten er baseret på obligationer, der ikke oversteg pari på tidspunktet for lånets udbetaling, eller er ydet på grundlag af et lånetilbud afgivet mindre end 6 måneder før lånets udbetaling og lånet er baseret på obligationer, der ikke oversteg pari på tilbudstidspunktet.

*Stk. 2.* Hvis en fordring stiftes på sådanne vilkår, at fordringen forrentes med en pålydende rente, der har varierende sats i adskilte perioder i fordringens løbetid, skal gevinst, som ikke er omfattet af stk. 1, og som en debitor realiserer ved frigørelse for gæld ifølge en sådan fordring, medregnes. Reglen i 1. pkt. gælder ikke, hvis renten varierer månedsvis, og lånet ydet med sikkerhed som nævnt i stk. 1, 5. pkt., er baseret på fastforrentede obligationer eller værdipapirer, og kreditor er et selskab eller en person eller et dødsbo, der driver næringsvirksomhed ved finansiering.

*Stk. 3.* Gevinst, som en debitor opnår ved ekstraordinær hel eller delvis indfrielse af et kontantlån i danske kroner, medregnes, hvis lånet er ydet med sikkerhed som nævnt i stk. 1, 5. pkt., af et selskab eller en person eller et dødsbo, der driver næringsvirksomhed ved finansiering. Det gælder dog ikke indfrielse, som foretages af sælger, og indfrielse, som foretages af køber i forbindelse med overdragelse af fast ejendom, såfremt gælden indfries eller opsiges til indfrielse i perioden fra 6 måneder før til 6 måneder efter afståelsestidspunktet henholdsvis anskaffelsestidspunktet, og der for sælger henholdsvis køber er tale om første indfrielse inden for det pågældende tidsrum. 2. pkt. finder ikke anvendelse ved ejerskifte mellem ægtefæller, medmindre indfrielsen sker ved ejerskifte som led i separation eller skilsmisse. 2. pkt. finder heller ikke anvendelse ved en persons afståelse af en ejendom til et selskab m.v. som nævnt i selskabsskattelovens §§ 1 og 2 eller fondsbeskatningslovens § 1, hvor personen og dennes ægtefælle på grund af aktiebesiddelse, vedtægtsbestemmelse eller aftale har bestemmende indflydelse på selskabets handlemåde. Bestemmende indflydelse på grund af aktiebesiddelse foreligger altid ved ejerskab eller rådighed over stemmerettigheder, således at der direkte eller indirekte ejes mere end 50 pct. af aktiekapitalen eller rådes over mere end 50 pct. af stemmerne.

*Stk. 4.* Stk. 3, 1. pkt., finder ikke anvendelse, såfremt indfrielsen sker efter krav fra kreditor. Stk. 3, 1. pkt., finder endvidere ikke anvendelse ved indfrielse, som sker i forbindelse med en længstlevende ægtefælles overtagelse af en fast ejendom i forbindelse med skifte af et dødsbo eller ved udlevering til ægtefællen, herunder til hensidden i uskiftet bo. 2. pkt. finder kun anvendelse, såfremt den afdøde ægtefælle på tidspunktet for dødsfaldet var ejer af den faste ejendom. Stk. 3, 1. pkt., finder ikke anvendelse ved indfrielse, som sker, i forbindelse med at en efterladt samlever, jf. dødsboskattelovens § 96, stk. 5, overtager en fast ejendom i forbindelse med skifte af et dødsbo. 4. pkt. finder kun anvendelse, hvis den afdøde samlever på tidspunktet for dødsfaldet var ejer af den faste ejendom. Tidsfristerne i stk. 3, 2. pkt., for indfrielse eller opsigelse til indfrielse af gælden finder tilsvarende anvendelse, idet der ved afståelsestidspunktet eller anskaffelsestidspunktet i denne sammenhæng forstås henholdsvis udlodningstidspunktet eller tidspunktet for udlevering.

**§ 22 A.** En skattepligtig gevinst omfattet af § 22, stk. 1, beskattes efter reglerne i stk. 2, hvis
1) lånet er ydet af et selskab, en person eller et dødsbo, der driver næringsvirksomhed ved finansiering, med sikkerhed i fast ejendom eller skibe,
2) lånet er inkonverterbart og direkte baseret på obligationer optaget til handel på et reguleret marked,
3) lånets rente ved stiftelsen udgør 0 pct. og
4) lånets rente ikke i obligationernes løbetid kan blive mindre end 0 pct.

*Stk. 2.* Debitor skal for hvert indkomstår, indtil debitor bliver frigjort fra gælden, medregne en renteindtægt svarende til, at gevinsten udgjorde en fast negativ rente på lånet i perioden fra lånets stiftelse til det førstkommende tidspunkt af enten obligationernes udløb eller lånets udløb. Renteindtægten beregnes ud fra den aftalte afdragsprofil ved stiftelsen. Har debitor i perioder afdragsfrihed, foretages beregningen med denne forudsætning, hvis perioderne er fastlagt ved stiftelsen.

*Stk. 3.* Indberettes den skattepligtige renteindtægt efter stk. 2 ikke efter skatteindberetningslovens § 13 for det indkomstår, hvori lånet er stiftet, kan debitor vælge, at beskatningen af gevinsten omfattet af stk. 1 i stedet skal ske efter § 22, stk. 1.

**§ 23.** Gevinst og tab på gæld i fremmed valuta medregnes i det omfang, gevinsten eller tabet ikke er omfattet af § 22 eller § 24 A. 1. pkt. finder dog alene anvendelse, hvis årets nettogevinst eller nettotab sammenlagt med nettogevinster og nettotab omfattet af § 14 og gevinst og tab på investeringsbeviser i obligationsbaserede investeringsinstitutter med minimumsbeskatning, jf. aktieavancebeskatningslovens § 22, overstiger 2.000 kr. Gæld i danske kroner anses som gæld i fremmed valuta, hvis restgælden reguleres i forhold til en eller flere valutakurser. Gæld i fremmed valuta betragtes som gæld i danske kroner, hvis restgælden reguleres i forhold til danske kroner.

Kapitel 4

*Eftergivelse af gæld ved akkord m.v.*

**§ 24.** Gevinst på gæld som følge af tvangsakkord i en rekonstruktion eller aftale om en samlet ordning mellem en debitor og dennes kreditorer om bortfald eller nedsættelse af debitors gæld (frivillig akkord) medregnes ikke ved opgørelsen af den skattepligtige indkomst. Den skattefri gevinst opgøres som forskellen mellem gældens værdi ved påtagelsen og fordringens værdi for kreditor på tidspunktet for gældseftergivelsen. Med gældsnedsættelse sidestilles hel eller delvis konvertering af gælden til aktier eller konvertible obligationer.

*Stk. 2.* Stk. 1, 1. pkt., gælder tilsvarende for gevinst på gæld som følge af gældssanering.

*Stk. 3.* Stk. 1 og 2 finder ikke anvendelse på gæld, der er omfattet af § 21, stk. 2.

Kapitel 4 a

*Ikke indbetalt selskabskapital*

**§ 24 A.** Gevinst og tab på fordringer og gæld vedrørende ikke indbetalt selskabskapital medregnes ikke ved opgørelsen af den skattepligtige indkomst.

Kapitel 5

*Opgørelse af gevinst og tab på fordringer og gæld*

**§ 25.** Gevinst og tab på fordringer og gæld, der skal medregnes ved opgørelsen af den skattepligtige indkomst, medregnes i det indkomstår, hvori gevinsten eller tabet realiseres (realisationsprincippet), jf. dog stk. 2-10, og § 22, stk. 1, samt §§ 36 og 37.

*Stk. 2.* [4)] Skattepligtige omfattet af § 12 kan vælge at anvende lagerprincippet, jf. § 33, stk. 1, ved opgørelsen af gevinst og tab på obligationer optaget til handel på et reguleret marked og på gevinst og tab som følge af valutakursændringer på fordringer og gæld i fremmed valuta. Valget træffes samlet for henholdsvis obligationer optaget til handel på et reguleret marked og valutakursændringer på fordringer og gæld i fremmed valuta. Ved anvendelse af

lagerprincippet, jf. 1. pkt., opgøres gevinst og tab på obligationer optaget til handel på et reguleret marked på grundlag af valutakurserne på tidspunktet for obligationens erhvervelse uden hensyn til ændringer i valutakurserne. Når lagerprincippet er valgt, kan valget heraf kun ændres efter tilladelse fra told- og skatteforvaltningen.

*Stk. 3.* Skattepligtige omfattet af § 2 skal anvende lagerprincippet ved opgørelsen af gevinst og tab på fordringer. 1. pkt. omfatter ikke fordringer omfattet af § 4 og fordringer, der er erhvervet som skattepligtigt vederlag for leverede varer og andre aktiver samt tjenesteydelser. 1. og 2. pkt. finder ikke anvendelse for fordringer omfattet af stk. 5. Endvidere omfatter 1. og 2. pkt. ikke fordringer omfattet af stk. 7 og fordringer, hvor den skattepligtige efter stk. 8-10 har valgt at anvende reglerne i stk. 7. Endelig finder 2. pkt. ikke anvendelse for livsforsikringsselskaber.

*Stk. 4.* [5)6)7)] Skattepligtige omfattet af § 2 kan vælge at anvende lagerprincippet, jf. § 33, stk. 1, ved opgørelsen af gevinst og tab på følgende fordringer og gæld:

1) Fordringer, der ikke er omfattet af stk. 3, 1. pkt., stk. 5 eller stk. 7-10,

2) gæld optaget til handel på et reguleret marked og

3) gevinst og tab på fordringer og gæld som følge af valutakursændringer.

Valg af lagerprincippet, jf. nr. 1-3, træffes samlet for henholdsvis fordringer omfattet af § 4, fordringer, der er erhvervet som skattepligtigt vederlag for leverede varer og andre aktiver samt tjenesteydelser, øvrige fordringer, gæld optaget til handel på et reguleret marked og valutakursændringer på fordringer og gæld i fremmed valuta. Ved anvendelse af lagerprincippet i de tilfælde, der er nævnt i nr. 1 og 2, opgøres gevinst og tab på grundlag af valutakurserne på tidspunktet for henholdsvis fordringens erhvervelse og gældens påtagelse uden hensyn til ændringer i valutakurserne. Når lagerprincippet er valgt, kan valget heraf kun ændres efter tilladelse fra told- og skatteforvaltningen.

*Stk. 5.* Realkreditinstitutter, der er omfattet af lov om finansiel virksomhed, Kreditforeningen af kommuner og regioner i Danmark og aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, skal anvende lagerprincippet for samtlige fordringer og gæld, jf. dog stk. 7. Endvidere skal selskaber m.v., der er koncernforbundet med et af de i 1. pkt. nævnte institutter, jf. lov om finansiel virksomhed § 5, stk. 1, nr. 7, anvende lagerprincippet for samtlige fordringer og gæld. Institutter, der udøver virksomhed gennem samme selskab m.v., anses i relation til lov om finansiel virksomhed § 5, stk. 1, nr. 7, for at udgøre ét institut.

*Stk. 6.* Told- og skatteforvaltningen kan tillade, at en anden opgørelsesmåde anvendes, jf. dog stk. 3 og 5. Er en sådan tilladelse givet, kan den herved godkendte opgørelsesmåde kun ændres efter tilladelse fra told- og skatteforvaltningen.

*Stk. 7.* Pengeinstitutter, realkreditinstitutter, der er omfattet af lov om finansiel virksomhed, Kreditforeningen af kommuner og regioner i Danmark og aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, skal ved opgørelsen af den skattepligtige indkomst fradrage beløb, der ved indkomstårets udløb er nedskrevet på udlån og hensat til tab på garantier m.v. efter de for instituttet gældende regnskabsretlige regler. For herværende filialer af udenlandske kreditinstitutter, der er hjemmehørende i et land inden for EU/EØS, skal beløbet dog opgøres efter de regnskabsretlige regler, der gælder for tilsvarende kreditinstitutter undergivet Finanstilsynets tilsyn. Nedskrivninger og hensatte beløb kan dog kun fradrages, i det omfang de vedrører tab, der er fradragsberettiget efter skattelovgivningens almindelige regler. Ved opgørelsen af den skattepligtige indkomst skal medregnes de fradragsberettigede nedskrivninger og hensatte beløb, jf. 1. pkt., for det forudgående indkomstår.

*Stk. 8.* I stedet for at medregne tab på udlån og garantier m.v. ved opgørelsen af den skattepligtige indkomst efter reglerne i stk. 1, 3 og 4 kan finansieringsselskaber, som opfylder betingelserne i stk. 10, vælge én gang for alle at anvende reglerne i stk. 7 for samtlige de udlån og garantier m.v., der vedrører aktiviteterne, som er nævnt i litra a-m i stk. 10, nr. 2. Meddelelse om anvendelse af reglerne i stk. 7 skal indsendes til told- og skatteforvaltningen senest den 1. december i det indkomstår, hvor reglerne ønskes anvendt første gang, idet meddelelsen skal være vedlagt en erklæring afgivet af en statsautoriseret revisor, hvorved det attesteres, at betingelsen i stk. 10, nr. 2, er opfyldt. Overskrides fristen i 3. pkt., kan reglerne i stk. 7 først anvendes ved opgørelsen af den skattepligtige indkomst fra og med det efterfølgende indkomstår.

*Stk. 9.* Såfremt et selskab, efter at selskabet har valgt at anvende reglerne i stk. 7, ikke længere opfylder betingelserne i stk. 10, bortfalder adgangen til at anvende reglerne i stk. 7 én gang for alle. For så vidt angår betingelsen i stk. 10, nr. 2, indebærer en manglende overholdelse heraf i én fortløbende periode på maksimalt 3 år dog ikke, at adgangen til at anvende reglerne i stk. 7 bortfalder. Told- og skatteforvaltningen kan tillade, at et selskab kan anvende reglerne i stk. 7 efter udløbet af den periode, der er angivet i 2. pkt., selv om betingelsen i stk. 10, nr. 2, fortsat ikke er opfyldt. Tilladelsen kan gøres tidsbegrænset.

*Stk. 10.* Anvendelse af reglerne i stk. 8 er betinget af, at

1) selskabet er et aktie- eller anpartsselskab eller en herværende filial af et udenlandsk finansieringsselskab, der er hjemmehørende i et land inden for EU/EØS,

2) selskabet som hovedvirksomhed erhverver kapitalinteresser eller udøver en eller flere af aktiviteterne, som er nævnt i litra a til k i følgende liste:

    a) Udlånsvirksomhed.

    b) Finansiel leasing.

    c) Betalingsformidling.

    d) Udstedelse og administration af betalingsmidler (kreditkort, rejsechecks, bankveksler).

    e) Sikkerhedsstillelse og garantier.

    f) Transaktioner for egen eller kunders regning vedrørende

        1) pengemarkedsinstrumenter (checks, veksler, indskudsbeviser m.v.),

        2) valutamarkedet,

        3) finansielle futures og options,

        4) valuta- og renteinstrumenter og

        5) værdipapirer.

    g) Medvirken ved emission af værdipapirer og tjenesteydelser i forbindelse hermed.

    h) Rådgivning til virksomheder vedrørende kapitalstruktur, industristrategi og dermed beslægtede spørgsmål og rådgivning samt tjenesteydelser vedrørende sammenslutning og opkøb af virksomheder.

    i) Pengeformidling (money broking).

    j) Porteføljeadministration og -rådgivning.

    k) Opbevaring og forvaltning af værdipapirer.

    l) Kreditoplysninger.

    m) Boksudlejning.

3) selskabet anvender kalenderåret som regnskabsår og

4) selskabet ved udarbejdelse af årsrapporten anvender reglerne i årsregnskabslovens afsnit V, og at årsrapporten revideres af en statsautoriseret revisor.

**§ 26.** Gevinst og tab på fordringer og gæld opgøres efter reglerne i stk. 2-5, jf. dog § 25, stk. 2-5, om lagerprincippet og § 25, stk. 7-10.

*Stk. 2.* Gevinst eller tab på fordringer opgøres som forskellen mellem anskaffelsessummen og afståelsessummen. Som anskaffelsessum anvendes kursværdien på erhvervelsestidspunktet, medmindre den skattepligtige godtgør at have erhvervet fordringen for et højere beløb.

*Stk. 3.* [8] Gevinst eller tab på gæld opgøres som forskellen mellem gældens værdi ved påtagelsen af gælden og værdien ved frigørelsen eller indfrielsen. Sker indfrielsen gennem afdrag, medregnes en så stor del, som svarer til forholdet mellem på den ene side indfrielsessummen med fradrag af anskaffelsessummen og på den anden side indfrielsessummen.

*Stk. 4.* [8] Skattepligtige omfattet af §§ 2 eller 13 skal ved afståelse af fordringer, som er registreret i en værdipapircentral inden for samme fondskode, eller fordringer udstedt på samme vilkår af samme udsteder anvende den gennemsnitlige anskaffelsessum for samtlige disse fordringer. Tilsvarende anvendes for selskabers gæld og personers gæld omfattet af § 19, der er udstedt på samme vilkår af samme udsteder, den gennemsnitlige anskaffelsessum for samtlige disse gældsforhold.

*Stk. 5.* Hvis en skattepligtig omfattet af § 12, der ikke driver næringsvirksomhed ved finansiering, jf. § 13, ejer fordringer, som er registreret i en værdipapircentral inden for samme fondskode eller er udstedt på samme vilkår af samme udsteder, anses de først erhvervede fordringer for de først afståede. Tilsvarende anses den gæld, der er optaget først, for først indfriet, hvis gælden er optaget på samme vilkår hos samme långiver.

**§ 26 A.** Udarbejder eller har den skattepligtige udarbejdet skattemæssigt årsregnskab i fremmed valuta, jf. skattekontrollovens §§ 29-35, finder stk. 2 anvendelse.

*Stk. 2.* Det ikke-fradragsberettigede tab, jf. § 4, stk. 1, og § 14, stk. 2, opgøres på grundlag af den oprindelige anskaffelsessum henholdsvis afståelsessummen omregnet til valutakursen på tidspunktet for fordringens erhvervelse. Det herefter opgjorte tab omregnes med valutakursen på skæringstidspunktet, jf. skattekontrollovens §§ 32 og 33, § 34, stk. 3-5, og § 35, stk. 2 og 3, for hvert skift i den skattemæssige regnskabsvaluta fra fordringens erhvervelse til fordringens afståelse.

**§ 27.** Realkreditinstitutter, der er omfattet af lov om finansiel virksomhed, Kreditforeningen af kommuner og regioner i Danmark og aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, skal værdiansætte fordringer, som indgår i instituttets udlånsvirksomhed, til det beløb, hvormed fordringen kan indfries. For konverterbare lån skal værdiansættelsen dog ske uden hensyntagen til, at debitor altid kan indfri til gældens indfrielseskurs.

*Stk. 2.* Ved refinansiering eller hel eller delvis indfrielse af fordringer som nævnt i stk. 1 skal den del af instituttets gæld, der modsvarer indfrielsen eller refinansieringen, ved indkomstårets udløb værdiansættes til gældens indfrielseskurs henholdsvis gældens dagskurs, hvis der sker annullation.

*Stk. 3.* Stk. 1 og 2 finder tilsvarende anvendelse, for så vidt angår udlån med sikkerhed som nævnt i § 22, stk. 1, 5. pkt., ydet af andre selskaber end dem, der er nævnt i stk. 1, eller en person eller et dødsbo, der driver næringsvirksomhed ved finansiering, hvis selskabet, personen eller dødsboet har valgt at opgøre gevinst og tab på fordringer og gæld efter lagerprincippet.

**§ 28.** (Ophævet)

Kapitel 6

*Finansielle kontrakter*

**§ 29.** Skattepligtige omfattet af § 2 eller § 12 skal medregne gevinst og tab på terminskontrakter og aftaler om køberetter og salgsretter ved opgørelsen af den skattepligtige indkomst. Gevinst og tab medregnes efter de regler, der er angivet i dette kapitel og i kapitel 7.

*Stk. 2.* Terminskontrakter omfatter ikke aftaler, hvor afviklingstidspunktet ligger senere end aftaletidspunktet, når afvikling finder sted inden for den afviklingsfrist, der på området anses for at være sædvanlig.

*Stk. 3.* Dette kapitel og kapitel 7 gælder også gevinst og tab på fordringer, der ikke er omfattet af §§ 4 og 5, hvis fordringen reguleres helt eller delvis i forhold til udviklingen i priser og andet på værdipapirer, varer og andre aktiver m.v., når blot udviklingen er af en karakter, som kan lægges til grund i en finansiel kontrakt, jf. dog § 10. Dette kapitel og kapitel 7 gælder dog ikke, hvis fordringen alene reguleres i forhold til udviklingen i de af Danmarks Statistik beregnede forbrugerprisindeks eller nettoprisindeks. Dette kapitel og kapitel 7 gælder heller ikke, hvis fordringen alene reguleres i forhold til udviklingen i tilsvarende officielle forbrugerprisindeks eller nettoprisindeks inden for Den Europæiske Union eller dens medlemsstater. Dette kapitel og kapitel 7 gælder altid for fordringer, der ganske vist opfylder betingelserne i 2. og 3. pkt. for ikke at være omfattet, men som herudover reguleres helt eller delvis i forhold til udviklingen i et andet grundlag, jf. 1. pkt., og for fordringer, som reguleres på grundlag af valuta og prisindeks som nævnt i 2. og 3. pkt., der ikke vedrører samme område. Prisindeks i et land, der deltager i euroen, og euroen antages at vedrøre samme område.

**§ 30.** § 29 anvendes ikke på

1) aftaler vedrørende fast ejendom, medmindre aftalens løbetid kan overskride 12 måneder, og aftalens parter er personer som nævnt i boafgiftslovens § 22,
2) tegningsretter til aktier m.v., der omfattes af aktieavancebeskatningsloven,
3) kurssikring ved optagelse, refinansiering, rentetilpasning eller indfrielse af lån med sikkerhed som nævnt i § 22, stk. 1, 5. pkt., ydet af et selskab eller af en person eller et dødsbo, der driver næringsvirksomhed ved finansiering
4) konverteringsretter knyttet til obligationer, pantebreve, gældsbreve og andre pengefordringer,
5) aftaler om køb og salg af aktier,
6) valutakontrakter i forbindelse med køb og salg af værdipapirer, når valutakontraktens løbetid svarer til sædvanlig afviklingstid for handel med de værdipapirer, som valutakontrakten vedrører,
7) sædvanlige aftaler om levering af varer og andre aktiver samt tjenesteydelser til privat brug eller til brug i modtagerens virksomhed eller som produkt af egen virksomhed, samt valutakontrakter indgået i forbindelse hermed, når kontrakterne ikke er optaget til handel på et reguleret marked, og
8) aftaler om hel eller delvis afståelse af virksomhed og andele af en virksomhed.

*Stk. 2.* Stk. 1, nr. 3, gælder ikke for realkreditinstitutter og andre kreditinstitutter m.v., hvis kontrakten er et led i det pågældende instituts næringsvirksomhed ved finansiering.

*Stk. 3.* Det er en betingelse i stk. 1, nr. 3, 5, 6 og 8, at kontrakten eller aftalen kun kan opfyldes ved levering. Det er endvidere for hver af parterne en betingelse, at kontrakten eller aftalen ikke afstås. Reglerne i 1. og 2. pkt. gælder ikke for køberetter til aktier, der er omfattet af ligningslovens §§ 7 P eller 28. For så vidt angår kurssikring ved rentetilpasning, omfatter stk. 1, nr. 3, uanset 1. og 2. pkt., kontrakter og aftaler vedrørende lån med sikkerhed som nævnt i § 22, stk. 1, 5. pkt., ydet af et selskab eller af en person eller et dødsbo, der driver næringsvirksomhed ved finansiering, der i forbindelse med overdragelse af fast ejendom overtages af en anden debitor, opsiges på vilkår som nævnt i § 22, stk. 3, 2.-4. pkt., eller opsiges i tilfælde som nævnt i § 22, stk. 4.

*Stk. 4.* Uanset reglerne i stk. 1, nr. 5, 6 og 7, finder § 29 dog anvendelse, hvis der er indgået modgående kontrakter eller forretninger. Er der indgået modgående kontrakter eller forretninger i forhold til køberetter til aktier, der er omfattet af ligningslovens §§ 7 P eller 28, finder § 29 dog kun anvendelse for de modgående kontrakter eller forretninger, der ikke er omfattet af ligningslovens §§ 7 P eller 28. Som modgående kontrakter eller forretninger betragtes også modgående kontrakter eller forretninger, der er indgået af den skattepligtiges ægtefælle eller af et koncernforbundet selskab, jf. § 4, stk. 2, og modgående kontrakter eller forretninger, der er indgået af et selskab m.v., hvori den skattepligtige er hovedaktionær, jf. aktieavancebeskatningslovens § 4, eller omvendt.

*Stk. 5.* Uanset reglerne i stk. 1, nr. 7, finder § 29 dog anvendelse for skattepligtige, der udøver næring ved køb og salg af fordringer og finansielle kontrakter eller driver næringsvirksomhed ved finansiering.

*Stk. 6.* Kontrakter, der efter stk. 1-5 ikke omfattes af § 29, behandles efter skattelovgivningens almindelige regler.

**§ 31.** Skattepligtige omfattet af § 2 kan fradrage tab på kontrakter, der indeholder ret eller pligt til at afstå aktier i det omfang, det angives i stk. 2-4. 1. pkt. omfatter kun kontrakter, der indeholder ret eller pligt til at afstå aktier i selskaber, hvori den skattepligtige eller koncernforbundne selskaber, jf. § 4, stk. 2, ejer aktier, der er omfattet af definitionerne i aktieavancebeskatningslovens §§ 4 A-4 C, og kontrakter, der indeholder ret eller pligt til at afstå

aktier i det selskab, der er udsteder eller erhverver af kontrakten. 1. pkt. gælder dog ikke for kontrakter som nævnt i 2. pkt. vedrørende aktier, hvor den skattepligtige skal opgøre gevinst og tab efter reglerne i aktieavancebeskatningslovens § 23, stk. 5. 1. pkt. gælder endvidere ikke for livsforsikringsselskaber omfattet af selskabsskattelovens § 13, stk. 4-9.

*Stk. 2.* Tab på en kontrakt som nævnt i stk. 1, 1. pkt., kan fradrages, i det omfang tabet ikke overstiger forudgående indkomstårs skattepligtige nettogevinster på kontrakten, hvori der ikke i gevinsten er fradraget tab på andre kontrakter som nævnt i stk. 1, dog ikke et tidligere indkomstår end 2002.

*Stk. 3.* Yderligere tab, der ikke kan fradrages efter stk. 2, kan fradrages i indkomstårets og de følgende indkomstårs nettogevinster på alle kontrakter omfattet af § 29, der indeholder ret eller pligt til at afstå eller at erhverve aktier. Fradrag for tab kan kun fremføres til et senere indkomstår, hvis det ikke kan rummes i skattepligtig nettogevinst i et tidligere indkomstår.

*Stk. 4.* Stk. 1-3 gælder tilsvarende kontrakter, som er baseret på:

1) Et aktieindeks, hvori indgår aktier i selskaber, hvor udsteder eller erhverver eller selskaber, der er koncernforbundne med udsteder eller erhverver, jf. § 4, stk. 2, ejer aktier, der er omfattet af definitionerne i aktieavancebeskatningslovens §§ 4 A-4 C.
2) Et aktieindeks, hvori indgår aktier i det selskab, der er udsteder eller erhverver af kontrakten.

**§ 31 A.** Skattepligtige omfattet af § 2, der har valgt realisationsbeskatning af porteføljeaktier, jf. aktieavancebeskatningslovens § 9, kan fradrage tab på kontrakter, der indeholder ret eller pligt til at afstå aktier, der ikke er optaget til handel på et reguleret marked eller på en multilateral handelsfacilitet, i det omfang det fremgår af stk. 2-4.

*Stk. 2.* Tab på en kontrakt som nævnt i stk. 1 kan fradrages, i det omfang tabet ikke overstiger forudgående indkomstårs skattepligtige nettogevinster på kontrakten, hvori der ikke er fradraget tab på andre kontrakter som nævnt i stk. 1, dog ikke et tidligere indkomstår end 2002. Tab, der ikke kan fradrages efter 1. pkt., fradrages i indkomstårets nettogevinster på alle kontrakter omfattet af § 29, der indeholder ret eller pligt til at afstå eller erhverve aktier, og derefter i indkomstårets nettogevinster på realisationsbeskattede porteføljeaktier, jf. aktieavancebeskatningslovens § 9, stk. 1. Tab i det pågældende indkomstår efter aktieavancebeskatningslovens § 9 og § 43, stk. 3, modregnes før tab efter 2. pkt.

*Stk. 3.* Tab, der ikke kan fradrages efter stk. 2, fremføres til fradrag i de følgende indkomstårs nettogevinster på alle kontrakter omfattet af § 29, der indeholder ret eller pligt til at afstå eller erhverve aktier, og derefter i følgende indkomstårs nettogevinster på realisationsbeskattede porteføljeaktier, jf. aktieavancebeskatningslovens § 9, stk. 1. Uudnyttet tab efter aktieavancebeskatningslovens § 9 og § 43, stk. 3, modregnes før tab efter 1. pkt. Fradrag for tab kan kun fremføres til et senere indkomstår, hvis det ikke kan rummes i skattepligtig nettogevinst i et tidligere indkomstår.

*Stk. 4.* Stk. 1-3 finder ikke anvendelse på kontrakter, der er omfattet af § 31.

**§ 32.** Skattepligtige omfattet af § 12 kan fradrage tab på kontrakter, i det omfang det angives i stk. 2-5. Uanset 1. pkt. kan tab fradrages, hvis kontrakten indeholder ret eller pligt til at afstå eller erhverve aktier og den skattepligtige er omfattet af aktieavancebeskatningslovens § 17 eller kontrakten har tilknytning til erhvervsmæssig virksomhed. 2. pkt. gælder ikke tab på aftaler vedrørende fast ejendom, jf. stk. 5.

*Stk. 2.* Tab på en kontrakt som nævnt i stk. 1, 1. pkt., kan fradrages i indkomstårets gevinst på kontrakter. Yderligere tab kan fradrages, i det omfang tabet ikke overstiger forudgående indkomstårs skattepligtige nettogevinster på kontrakter, dog ikke et tidligere indkomstår end 2002. Tab, der ikke kan fradrages efter 1. eller 2. pkt., kan overføres til fradrag i en eventuel ægtefælles nettogevinster i indkomståret på kontrakter. Det er dog en betingelse, at ægtefællerne er samlevende ved indkomstårets udgang, jf. kildeskattelovens § 4.

*Stk. 3.* Tab på kontrakter, der ikke kan fradrages efter stk. 2, kan fradrages i nettogevinster på aktier optaget til handel på et reguleret marked, hvis kontrakten udelukkende indeholder ret eller pligt til at afstå eller erhverve aktier eller er baseret på et aktieindeks. Det er endvidere en betingelse for fradrag efter 1. pkt., at enten kontrakten, de underliggende aktier eller de aktier, der indgår i det indeks, kontrakten er baseret på, er optaget til handel på et reguleret marked. Tab, der ikke kan fradrages efter 1. og 2. pkt., kan overføres til fradrag i en eventuel ægtefælles nettogevinster i indkomståret på aktier optaget til handel på et reguleret marked. Det er dog en betingelse, at ægtefællerne er samlevende ved indkomstårets udgang, jf. kildeskattelovens § 4. Tab i det pågældende indkomstår efter aktieavancebeskatningslovens § 13 A medregnes før tab efter 1.-4. pkt.

*Stk. 4.* Tab, der ikke er fradraget efter stk. 2 eller 3, kan fradrages i de følgende indkomstårs nettogevinster på kontrakter og derefter i nettogevinster på aktier efter reglerne i stk. 2, 2.-4. pkt., og stk. 3. Tab kan kun fremføres til et senere indkomstår, hvis det ikke kan rummes i skattepligtig nettogevinst på finansielle kontrakter i et tidligere indkomstår.

*Stk. 5.* Stk. 2 og 4 finder anvendelse på aftaler vedrørende fast ejendom, men tabene kan alene fradrages i gevinster på aftaler vedrørende fast ejendom. Yderligere tab, der ikke er fradraget, fradrages i sælgerens afståelsessum henholdsvis tillægges køberens anskaffelsessum på den faste ejendom, som aftalen vedrører. Tab kan ikke fremføres, hvis det er fradraget henholdsvis tillagt efter 2. pkt.

*Opgørelse af gevinst og tab på kontrakter*

§ 33. Gevinst eller tab på en kontrakt opgøres som forskellen mellem værdien af kontrakten ved indkomstårets udløb og værdien ved indkomstårets begyndelse (lagerprincippet). Er kontrakten anskaffet i indkomståret, opgøres gevinst eller tab som forskellen mellem værdien ved indkomstårets udløb og kontraktens anskaffelsessum. Er kontrakten realiseret i indkomståret, opgøres gevinst eller tab som forskellen mellem kontraktens afståelsesværdi og kontraktens værdi ved indkomstårets begyndelse. Er kontrakten anskaffet og realiseret i samme indkomstår, opgøres gevinst eller tab som forskellen mellem afståelsesværdien og anskaffelsessummen. Afvikles kontrakten ved levering, anses det overdragne aktiv eller passiv for erhvervet henholdsvis afstået på afviklingsdagen og til markedsværdien på afviklingsdagen.

*Stk. 2.* Told- og skatteforvaltningen kan i ganske særlige tilfælde tillade, at gevinst og tab medregnes efter realisationsprincippet, jf. § 25, stk. 1. Det er en betingelse for denne dispensation, at den pågældende kontrakt indgås som led i virksomhedens primære drift for at sikre leverancer til eller fra virksomheden, og at beskatning efter stk. 1 vil være til væsentlig økonomisk ulempe for virksomheden.

Kapitel 7

*Andre bestemmelser*

§ 34. Erhvervelse og afståelse af en fordring eller en kontrakt ved gave, arv eller arveforskud sidestilles i denne lov med køb henholdsvis salg. Som anskaffelsessum eller afståelsessum betragtes i disse tilfælde det beløb, der er lagt til grund ved beregningen af gaveafgift, boafgift eller indkomstskat af den pågældende erhvervelse. Har denne ikke været afgifts- eller indkomstskattepligtig, betragtes som anskaffelsessum eller afståelsessum den pågældende fordrings eller kontrakts handelsværdi på overdragelsestidspunktet. Reglerne i 1.-3. pkt. gælder ikke i det omfang, erhververen efter skattelovgivningens regler indtræder i overdragerens skattemæssige stilling.

§ 34 A. Hvis en akkumulerende investeringsforening, jf. selskabsskattelovens § 1, stk. 1, nr. 5 a, et investeringsinstitut med minimumsbeskatning, jf. ligningslovens § 16 C, eller et investeringsselskab, jf. aktieavancebeskatningslovens § 19, skifter skattemæssig status, således at deltagerne beskattes som deltagere i et interessentskab, uden at foreningen, instituttet eller selskabet opløses, finder reglen i aktieavancebeskatningslovens § 33, stk. 6, tilsvarende anvendelse på interessentskabets fordringer, gæld og finansielle kontrakter.

*Stk. 2.* For skattepligtige, der beskattes som deltagere i et interessentskab og overgår til beskatning som medlemmer af en akkumulerende investeringsforening, jf. selskabsskattelovens § 1, stk. 1, nr. 5 a, eller et investeringsselskab, jf. aktieavancebeskatningslovens § 19, finder reglerne i aktieavancebeskatningslovens § 33, stk. 7, tilsvarende anvendelse på interessentskabets fordringer, gæld og finansielle kontrakter.

*Stk. 3.* For skattepligtige, der beskattes som deltagere i et interessentskab og overgår til beskatning som deltager i et investeringsinstitut med minimumsbeskatning, jf. ligningslovens § 16 C, eller som medlemmer af en kontoførende forening, jf. selskabsskattelovens § 1, stk. 1, nr. 6, finder reglerne i aktieavancebeskatningslovens § 33, stk. 8, tilsvarende anvendelse på interessentskabets fordringer, gæld og finansielle kontrakter.

§ 35. Indskud af en fordring på en aktiesparekonto omfattet af aktiesparekontoloven, indskud af en fordring eller en kontrakt i en rateopsparing i pensionsøjemed, i en opsparing i pensionsøjemed, i en aldersopsparing, i en selvpensioneringsordning eller i en børneopsparingsordning, der er omfattet af pensionsbeskatningsloven, og indskud af en obligation på en etableringskonto eller iværksætterkonto efter lov om indskud på etableringskonto og iværksætterkonto, sidestilles med afståelse. Som afståelsessum anses værdien på indskudstidspunktet. Udlodning af en obligation fra en etableringskonto eller iværksætterkonto efter lov om indskud på etableringskonto og iværksætterkonto sidestilles med erhvervelse. Udlodning af en fordring fra en aktiesparekonto omfattet af aktiesparekontoloven og udlodning af en fordring eller en kontrakt fra en rateopsparing i pensionsøjemed, fra en opsparing i pensionsøjemed, fra en aldersopsparing eller en selvpensioneringsordning, fra en børneopsparingsordning som nævnt i 1. pkt. sidestilles med erhvervelse. Som anskaffelsessum anses værdien på udlodningstidspunktet. 1.-5. pkt. finder tilsvarende anvendelse for indskud i og udlodning af fordringer og kontrakter i pensionsordninger, der er godkendt efter pensionsbeskatningslovens § 12, stk. 1, § 15 C og § 15 D, pensionsordninger omfattet af pensionsbeskatningslovens § 53 A og § 53 B og pensionsordninger som nævnt i pensionsbeskatningslovens § 50, jf. lovbekendtgørelse nr. 580 af 7. august 1991.

§ 36. En fordring eller gæld, jf. dog stk. 2, samt en kontrakt, der bliver omfattet af skattepligt her i landet, og som ikke i forvejen er omfattet af skattepligt her i landet, anses for anskaffet eller stiftet på det faktiske anskaffelsestidspunkt til handelsværdien på tilflytningstidspunktet, jf. selskabsskattelovens § 4 A og kildeskattelovens § 9. Når et selskab m.v. eller en person efter bestemmelserne i en dobbeltbeskatningsoverenskomst indgået mellem Danmark og en fremmed stat, Færøerne eller Grønland bliver hjemmehørende i Danmark, sidestilles dette ved anvendelsen af reglen i 1. pkt. med indtræden af skattepligt her i landet.

*Stk. 2.* Ved skattepligtens indtræden anses gæld, der er stiftet på de vilkår, som er nævnt i § 22, stk. 1, for stiftet eller overtaget på tidspunktet for skattepligtens indtræden. I disse tilfælde opgøres den skattepligtige gevinst ved skattepligtens indtræden som forskellen mellem gældens værdi på tidspunktet for skattepligtens indtræden og det beløb, som debitor skal indfri.

**§ 37.** [9)] For skattepligtige omfattet af § 12 betragtes gevinst og tab på fordringer og kontrakter omfattet af denne lov som realiseret, hvis gevinsten eller tabet vedrører en fordring eller kontrakt, der omfattes af skattepligt her i landet, og denne skattepligt ophører af anden grund end den skattepligtiges død, jf. dog stk. 2 og 3. Når en person efter bestemmelserne i en dobbeltbeskatningsoverenskomst mellem Danmark og en fremmed stat, Færøerne eller Grønland bliver hjemmehørende uden for Danmark, sidestilles dette ved anvendelse af reglen i 1. pkt., stk. 2-7 og §§ 38-38 B med ophør af skattepligt.

*Stk. 2.* Reglerne i stk. 1 gælder kun for personer, der på tidspunktet for skattepligtens ophør har en beholdning af fordringer og kontrakter med en samlet kursværdi på 100.000 kr. eller mere.

*Stk. 3.* Reglerne i stk. 1 gælder kun for personer, der har været skattepligtige efter kildeskattelovens §§ 1 eller 2 af gevinst på fordringer og kontrakter i en eller flere perioder på i alt mindst 7 år inden for de seneste 10 år før skattepligtsophøret eller flytningen af skattemæssigt hjemsted. Reglerne i stk. 1 gælder dog også, hvis fordringen eller kontrakten er erhvervet fra den skattepligtiges ægtefælle og denne opfylder betingelserne i 1. pkt. Reglerne i stk. 1 gælder ligeledes for skattepligtige, der er indtrådt i overdragerens skattemæssige stilling efter kildeskattelovens § 33 C. Betingelserne i 1. pkt. gælder ikke for personer, der efter § 38 B har fået nedsat handelsværdien af fordringer og kontrakter, der på tilflytningstidspunktet fortsat indgik på den i § 38 A, stk. 1, nævnte beholdningsoversigt.

*Stk. 4.* Gevinst og tab, der anses for realiseret efter stk. 1, opgøres efter reglerne i §§ 25-26 A og §§ 32-34 A, dog således at værdien ved realisationen træder i stedet for afståelses- eller indfrielsessummen. Hvis den skattepligtige anvender lagerprincippet og værdien ved udløbet af det indkomstår, hvor skattepligten ophører, er lavere end værdien på tidspunktet for skattepligtsophøret, træder værdien ved indkomstårets udløb i stedet for værdien ved realisationen (skattepligtsophøret) ved opgørelsen af gevinst og tab efter stk. 1. Hvis den skattepligtige anvender lagerprincippet og fordringen eller kontrakten afstås eller indfries efter skattepligtsophøret, men inden udløbet af det indkomstår, hvor skattepligten ophører, til et beløb, der er lavere end værdien på tidspunktet for skattepligtsophøret, træder afståelses- eller indfrielsessummen i stedet for værdien ved realisationen (skattepligtsophøret) ved opgørelsen af gevinst og tab efter stk. 1. For køberetter til aktier, der er omfattet af § 30, stk. 1, nr. 5, kan den skattepligtige vælge at opgøre den skattepligtige gevinst efter stk. 1, jf. stk. 6, som forskellen mellem udnyttelseskursen og kursen på den pågældende aktie på tidspunktet for skattepligtsophøret i stedet for efter reglen i 1. pkt.

*Stk. 5.* Der beregnes skat af den samlede nettogevinst opgjort efter stk. 4, der anses for realiseret efter stk. 1. Der gives henstand med betaling af den beregnede skat efter reglerne i § 38 og § 38 A, i det omfang gevinst og tab ved skattepligtsophøret skal opgøres efter realisationsprincippet.

*Stk. 6.* Reglerne i stk. 1-5, jf. § 29, finder tilsvarende anvendelse for aftaler om køb og salg af aktier, uanset at de pågældende aftaler er omfattet af § 30, stk. 1, nr. 5, og dermed ellers skal behandles efter skattelovgivningens almindelige regler, jf. § 30, stk. 6. Dog finder 1. pkt. ikke anvendelse for køberetter til aktier omfattet af ligningslovens § 28, stk. 4 eller 5.

**§ 38.** Personer kan få henstand med betaling af den beregnede skat, jf. § 37, stk. 5 og 6, når betalingen skyldes ophør af skattepligt efter kildeskattelovens § 1, eller at personen efter bestemmelserne i en dobbeltbeskatningsoverenskomst er blevet hjemmehørende uden for Danmark, jf. § 37, stk. 1, 2. pkt.

*Stk. 2.* Henstand efter stk. 1 er betinget af, at der ved fraflytning m.v. afgives oplysninger til told- og skatteforvaltningen efter skattekontrollovens § 2. Der skal indgives en beholdningsoversigt, jf. § 38 A, stk. 1, sammen med oplysningerne til told- og skatteforvaltningen efter skattekontrollovens § 2. Forlænges oplysningsfristen efter skattekontrollovens § 14, stk. 1, skal oplysninger og beholdningsoversigt være afgivet inden den nye frist.

*Stk. 3.* Sker personens fraflytning m.v. til et land, der ikke er omfattet af overenskomst af 7. december 1989 mellem de nordiske lande om bistand i skattesager eller Rådets direktiv 2010/24/EU af 16. marts 2010, er henstand efter stk. 1 endvidere betinget af, at der stilles betryggende sikkerhed. Sikkerheden skal stå i passende forhold til henstandsbeløbet og kan stilles i form af aktier, obligationer, der er optaget til handel på et reguleret marked, bankgaranti eller anden betryggende sikkerhed. Er personens fraflytning sket til et land, der er omfattet af den i 1. pkt. nævnte overenskomst eller det i 1. pkt. nævnte direktiv, og flytter personen efterfølgende videre til et land, der ikke er omfattet af den nævnte overenskomst eller det nævnte direktiv, er fortsat henstand betinget af, at der stilles betryggende sikkerhed, jf. 2. pkt. Er personens fraflytning sket til et land, der ikke er omfattet af den i 1. pkt. nævnte overenskomst eller det i 1. pkt. nævnte direktiv, og flytter personen efterfølgende videre til et land, der er omfattet af den nævnte overenskomst eller det nævnte direktiv, frigives den stillede sikkerhed efter anmodning.

*Stk. 4.* Afgives oplysninger til told- og skatteforvaltningen efter skattekontrollovens § 2 og beholdningsoversigt, jf. stk. 2, ikke rettidigt, bortfalder retten til henstand, og skatten anses for forfalden på det tidspunkt, hvor skatten ville være forfalden, hvis der ikke var givet henstand. Skatten forrentes efter kildeskattelovens § 63, 1. pkt., fra dette tidspunkt.

*Stk. 5.* Told- og skatteforvaltningen kan se bort fra overskridelse af oplysningsfristen efter skattekontrollovens §§ 10 og 11, jf. § 13, og fristen for afgivelse af beholdningsoversigt som nævnt i stk. 2, jf. stk. 4.

**§ 38 A.** Ved henstand efter § 38 skal der udarbejdes en beholdningsoversigt over de fordringer og kontrakter med opgørelse efter realisationsprincippet, som personen er ejer af på fraflytningstidspunktet. Fordringer i danske kroner, der er erhvervet før den 27. januar 2010, og som på erhvervelsestidspunktet opfyldte mindsterentekravet efter kursgevinstlovens § 38, jf. lovbekendtgørelse nr. 1002 af 16. oktober 2009, skal ikke

medtages på beholdningsoversigten. Fordringer og kontrakter, hvor den beregnede skat, jf. § 37, stk. 5 og 6, er betalt, skal heller ikke medtages i beholdningsoversigten. Endvidere etableres der en henstandssaldo, der udgøres af den beregnede skat (henstandsbeløbet). Henstandsbeløbet forfalder til betaling efter reglerne i stk. 2-7.

*Stk. 2.* Ved afståelse eller indfrielse m.v. af fordringer, der indgår på beholdningsoversigten, foretages der en opgørelse af gevinst eller tab. Opgørelsen sker pr. fordring, der er afstået eller indfriet m.v., og foretages på grundlag af fordringens anskaffelsessum og afståelses- eller indfrielsessummen m.v. Ved fordringens anskaffelsessum forstås den anskaffelsessum, der indgik ved beregningen efter § 37, stk. 4. Ved afståelse eller indfrielse m.v. af fordringer, som er registreret i en værdipapircentral inden for samme fondskode eller er udstedt på samme vilkår af samme udsteder, anses de først erhvervede fordringer for de først afståede eller indfriede m.v. Ved afståelse eller indfrielse m.v. med gevinst finder reglen i stk. 3 anvendelse, og ved afståelse eller indfrielse m.v. med tab finder reglen i stk. 4 anvendelse. 1.-5. pkt. finder tilsvarende anvendelse for kontrakter, der indgår på beholdningsoversigten.

*Stk. 3.* Der beregnes skat af den opgjorte gevinst efter reglerne i personskattelovens § 8 a. I den beregnede skat gives der fradrag for skat, der er betalt til fremmed stat, Færøerne eller Grønland efter reglerne i ligningslovens § 33, stk. 1. Overstiger den beregnede skat den skat, der er betalt i udlandet, forfalder det overskydende beløb til betaling. Henstandssaldoen nedskrives med beløbet, når det er betalt. Hvis opgørelsen efter stk. 2 i stedet ville have resulteret i et tab, hvis opgørelsen var foretaget på grundlag af fordringens værdi på fraflytningstidspunktet og afståelsessummen, nedskrives henstandssaldoen yderligere med et beløb svarende til den negative værdi af det således opgjorte tab beregnet efter reglerne i personskattelovens § 8 a. I det omfang personen efter udenlandske regler, som personen er omfattet af, har fradrag for det tab, som opgøres efter 5. pkt., beregnes en negativ skatteværdi heraf. Et beløb svarende til den beregnede negative skatteværdi forfalder til betaling. Der skal dog højst betales et beløb, der svarer til den negative skatteværdi af det opgjorte tab beregnet på grundlag af reglerne i personskattelovens § 8 a.

*Stk. 4.* Det efter stk. 2 opgjorte tab nedsættes med et beløb svarende til forskellen mellem anskaffelsessummen og værdien på fraflytningstidspunktet, hvis der på fraflytningstidspunktet blev opgjort et tab på den pågældende fordring, idet tabet dog ikke kan nedsættes til mindre end 0 kr. Det tab, som er opgjort efter stk. 2, forhøjes med et beløb svarende til forskellen mellem fordringens værdi på fraflytningstidspunktet og anskaffelsessummen, hvis der på fraflytningstidspunktet blev opgjort en gevinst på den pågældende fordring. På grundlag af reglerne i personskattelovens § 8 a beregnes der en negativ skatteværdi af det opgjorte tab som reguleret efter 1. eller 2. pkt. Henstandssaldoen nedskrives med et beløb svarende til den beregnede negative skatteværdi. Kan der efter de udenlandske regler, som personen er omfattet af, opgøres et tab, som personen har fradrag for i det pågældende land, beregnes der en negativ skatteværdi heraf. Et beløb svarende til den beregnede negative skatteværdi forfalder til betaling. Der skal dog højst betales et beløb, der svarer til den negative skatteværdi af det opgjorte tab, beregnet på grundlag af reglerne i personskattelovens § 8 a.

*Stk. 5.* Ved nedskrivning af henstandssaldoen efter stk. 3 og 4 kan saldoen ikke nedskrives til mindre end 0 kr.

*Stk. 6.* Personens død sidestilles med en afståelse m.v. af alle de fordringer og kontrakter, der indgår på beholdningsoversigten. Reglerne i stk. 2-4 og 7-9 finder tilsvarende anvendelse.

*Stk. 7.* Når alle de fordringer og kontrakter, der indgår på beholdningsoversigten, er afstået eller indfriet m.v., bortfalder den eventuelt resterende henstandssaldo. Henstandssaldoen bortfalder dog ikke, hvis personen har uudnyttede realiserede tab, som kan fremføres til fradrag i senere indkomstår.

*Stk. 8.* Der skal afgives oplysninger til told- og skatteforvaltningen efter skattekontrollovens § 2 for hvert indkomstår, hvor der er en positiv henstandssaldo. Samtidig med afgivelsen af disse oplysninger skal der gives oplysning om adressen på indsendelsestidspunktet. Oplysningsfristen efter skattekontrollovens § 10, stk. 2, og § 11, jf. § 13, er den 1. juli i året efter indkomstårets udløb. Udløber oplysningsfristen dagen før eller på en lørdag, søndag eller helligdag, anses oplysningerne til told- og skatteforvaltningen for rettidigt afgivet, hvis den skattepligtige giver told- og skatteforvaltningen oplysningerne senest den førstkommende hverdag kl. 9.00, jf. skattekontrollovens § 13. Afgives oplysninger til told- og skatteforvaltningen efter skattekontrollovens § 2 ikke rettidigt, bortfalder henstanden, og det beløb, der står på henstandssaldoen, forfalder til betaling. Told- og skatteforvaltningen kan se bort fra overskridelse af oplysningsfristen efter skattekontrollovens § 11, jf. § 13.

*Stk. 9.* Fristen for betaling af beløb omfattet af stk. 3, 4, 6 og 8 er den 1. september i året efter indkomståret henholdsvis dødsåret med sidste rettidige betalingsdag den 20. i forfaldsmåneden. Falder den sidste rettidige indbetalingsdag på en helligdag eller en lørdag, forlænges fristen til den følgende hverdag. Betales beløbet ikke rettidigt, finder kildeskattelovens § 63, 1. pkt., anvendelse.

*Stk. 10.* Told- og skatteforvaltningen kan anmode personen om inden for en rimelig frist at indsende dokumentation til brug for fastsættelsen af henstandsbeløb, der forfalder til betaling efter reglerne i stk. 2-7. Indsendes dokumentationen ikke rettidigt, bortfalder henstanden, og det beløb, der står på henstandssaldoen, forfalder til betaling. Told- og skatteforvaltningen kan se bort fra overskridelsen af den fastsatte frist. Fristen for betaling af beløb omfattet af 2. pkt. er den anden måned efter fremsendelse af betalingskravet med sidste rettidige betalingsdag den 20. i forfaldsmåneden. Stk. 9, 2. og 3. pkt., finder tilsvarende anvendelse.

**§ 38 B.** Får personen på ny skattemæssigt hjemsted i Danmark, finder reglen i § 36 anvendelse for fordringer og kontrakter, der indgik på beholdningsoversigten, og som personen fortsat ejer. Er der på dette tidspunkt fortsat en henstandssaldo, skal der dog ske en nedsættelse af handelsværdien for de fordringer og kontrakter, der på tilflytningstidspunktet fortsat indgår på beholdningsoversigten. Handelsværdien nedsættes med det laveste af følgende beløb:

1) Det resterende skattebeløb, der indgår på henstandssaldoen på tilflytningstidspunktet, omregnet til indkomstgrundlag baseret på reglerne i personskattelovens § 8 a.

2) Den samlede nettogevinst på de fordringer og kontrakter, som personen ejer på tilflytningstidspunktet, opgjort på grundlag af handelsværdien på tilflytningstidspunktet og den anskaffelsessum, der indgik ved beregningen efter § 37, stk. 4.

*Stk. 2.* Den i stk. 1, nr. 2, nævnte samlede nettogevinst opgøres ved, at der for hver fordring og kontrakt, som fortsat indgår på beholdningsoversigten, foretages en opgørelse af gevinst eller tab, idet opgjorte tab fragår i opgjorte gevinster. Hvis nettoopgørelsen efter 1. pkt. fører til en samlet gevinst på 0 kr. eller et samlet nettotab, skal der ikke ske en regulering af handelsværdien.

*Stk. 3.* Det beløb, som handelsværdien efter stk. 1 og 2 skal nedsættes med, fradrages forholdsmæssigt på de pågældende fordringer og kontrakter på grundlag af deres handelsværdi.

*Stk. 4.* Når der er foretaget en regulering af handelsværdien efter stk. 1-3, bortfalder den resterende henstandssaldo.

*Stk. 5.* Hvis personen på fraflytningstidspunktet ejede fordringer og kontrakter, hvorpå der samlet blev opgjort et nettotab, kan der ske en forhøjelse af handelsværdien for de fordringer og kontrakter, som personen fortsat ejer på tilflytningstidspunktet. Forhøjelsen sker med den andel af nettotabet, der svarer til fordringens eller kontraktens forholdsmæssige andel af den samlede værdi på tilflytningstidspunktet af de fordringer og kontrakter, som indgik ved opgørelsen af nettotabet, og som fortsat er i personens besiddelse ved tilbageflytningen til Danmark. Har en kontrakt negativ værdi på tilflytningstidspunktet, sker der ingen regulering af værdien, og ved fastsættelse af den samlede værdi på tilflytningstidspunktet, jf. 2. pkt., sættes kontraktens værdi til 0. Er den samlede værdi på tilflytningstidspunktet af de i 2. pkt. nævnte fordringer og kontrakter negativ, sker der ingen regulering af handelsværdien.

**§ 39.** (Ophævet)

Kapitel 8

*Ikrafttrædelses- og overgangsbestemmelser*

**§ 40.** Loven træder i kraft dagen efter bekendtgørelsen i Lovtidende.

*Stk. 2.* §§ 1-28 og §§ 34-38 har virkning fra og med indkomståret 1998, jf. dog §§ 41 og 42.

*Stk. 3.* §§ 29-33 og § 39 har virkning fra den 1. januar 1997, jf. dog § 43.

*Stk. 4.* I lov om skattemæssig behandling af gevinst og tab på fordringer, gæld og finansielle kontrakter (kursgevinstloven), jf. lovbekendtgørelse nr. 660 af 4. juli 1996, som ændret ved § 12 i lov nr. 1219 af 27. december 1996 og § 22 i lov nr. 1223 af 27. december 1996, ophæves §§ 1-8 B og §§ 9-12 med virkning fra og med indkomståret 1998, og §§ 8 C-8 G med virkning fra den 1. januar 1997.

**§ 41.** § 4 har virkning for fordringer, som erhverves den 29. maj 1991 eller senere. For selskaber m.v., der ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lovbekendtgørelse nr. 627 af 29. september 1987, som ændret ved lov nr. 255 af 25. april 1990 og lov nr. 386 af 13. juni 1990, dvs. ikke-næringsskattepligtige selskaber m.v., har bestemmelsen dog virkning for tab på fordringer og gevinst på gæld, der realiseres den 27. december 1990 eller senere, for så vidt angår fordringer og gæld i danske kroner, som ikke er erhvervet som skattepligtigt vederlag for leverede varer og andre aktiver samt tjenesteydelser.

*Stk. 2.* Den definition af koncernforbundne selskaber, der følger af § 4, stk. 2, nr. 1 og 3, har virkning for fordringer, som erhverves den 19. februar 1992 eller senere.

*Stk. 3.* § 4, stk. 3, omfatter tillige fordringer, der i øvrigt er erhvervet i tilknytning til den erhvervsmæssige drift af virksomheden, såfremt fordringen er erhvervet inden den 13. marts 1997.

*Stk. 4.* § 4, stk. 4, har virkning for tab på rentefordringer, der realiseres efter den 16. juni 1995.

*Stk. 5.* § 5 har virkning for tab, der vedrører tiden efter den 30. november 1994.

*Stk. 6.* For selskaber m.v., der ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lovbekendtgørelse nr. 627 af 29. september 1987, som ændret ved lov nr. 255 af 25. april 1990 og lov nr. 386 af 13. juni 1990, dvs. ikke-næringsskattepligtige selskaber m.v., omfatter § 6 og § 7, stk. 1, ikke gevinst og tab på gæld i danske kroner, der er stiftet før den 27. december 1990. Debitorskifte betragtes ikke som stiftelse af ny gæld. For selskaber m.v., der var omfattet af ligningslovens § 4, men som ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lov nr. 532 af 13. december 1985, omfatter § 7, stk. 1, dog gevinst og tab på lån, der er optaget før den 1. januar 1986.

*Stk. 7.* § 7, stk. 2, omfatter gæld i fremmed valuta, der er stiftet før den 27. december 1990, bortset fra gæld i fremmed valuta stiftet af selskaber m.v., der ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lovbekendtgørelse nr. 627 af 29. september 1987, som ændret ved lov nr. 255 af 25. april 1990 og lov nr. 386 af 13. juni 1990, dvs. ikke-næringsskattepligtige selskaber m.v. Debitorskifte betragtes ikke som stiftelse af ny gæld. For selskaber m.v., der var omfattet af ligningslovens § 4, men som ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lov nr. 532 af 13. december 1985, omfatter § 7, stk. 2, dog gevinst og tab på lån i fremmed valuta, der er optaget før den 1. januar 1986.

*Stk. 8.* § 7, stk. 2, omfatter gæld i danske kroner, uanset om gælden er stiftet af debitor eller overtaget af debitor ved et debitorskifte. For selskaber m.v., der ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lovbekendtgørelse nr. 627 af 29. september 1987, som ændret ved lov nr. 255 af 25. april 1990 og lov nr. 386 af 13. juni 1990, dvs. ikke-næringsskattepligtige selskaber m.v., har bestemmelsen virkning for gæld, der er påtaget den 27. december 1990 eller senere. For selskaber m.v., der var omfattet af ligningslovens § 4, men som ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lov nr. 532 af 13. december 1985, omfatter § 7, stk. 2, dog gevinst og tab på lån i danske kroner, der er optaget før den 1. januar 1986. For næringsskattepligtige selskaber m.v., dvs. selskaber m.v., der var omfattet af § 2, 2. pkt., som affattet ved lovbekendtgørelse nr. 627 af 29. september 1987, som ændret ved lov nr. 255 af 25. april 1990 og lov nr. 386 af 13. juni 1990, har reglen om, at tabsfradragsbegrænsningen også gælder i forhold til gæld overtaget ved debitorskifte, alene virkning for gæld i danske kroner, der er påtaget den 29. maj 1991 eller senere.

*Stk. 9.* For realkreditinstitutter m.v. finder reglerne i § 10 anvendelse på lån og de dertil svarende obligationer, når lånet er baseret på obligationer i fondskoder, der lukkes senest med udgangen af 1999. For aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, finder reglerne i § 10 anvendelse på lån og de dertil svarende obligationer, når lånet er ydet inden 1. januar 1999. Realkreditinstitutterne m.v. samt aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, kan fra indkomståret 1998 eller senere vælge, at lån og de dertil svarende obligationer, der omfattes af § 10, bortset fra lån omfattet af § 10, stk. 1, nr. 5, i stedet skal omfattes af § 9. Valget skal træffes samlet for samtlige lån og obligationer under ét og med virkning fra et indkomstår. Ved overgang fra anvendelse af reglerne i § 10 til anvendelse af reglerne i § 9 skal instituttet anvende kursværdien for obligationer og lån, jf. § 27, pr. 1. januar i det første år, hvor reglerne i § 9 skal finde anvendelse, som værdien primo for dette første indkomstår, hvor overgangen skal have virkning fra.

*Stk. 10.* Selskaber m.v., som for indkomståret 1998 eller senere skifter fra lagerprincippet til realisationsprincippet i henhold til § 25, skal anvende ultimoværdien for fordringer og gæld for det seneste indkomstår før ændring af opgørelsesmåden som henholdsvis anskaffelsessum for fordringen eller forpligtelsens værdi for gælden ved en senere opgørelse af gevinst og tab på de pågældende fordringer og gæld. Ved ændring fra realisationsprincippet til lagerprincippet anvendes fordringens anskaffelsessum eller forpligtelsens værdi ved stiftelsen, jf. dog stk. 14-17, som værdien primo for det første indkomstår, hvor ændringen har virkning fra.

*Stk. 11.* Aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, kan uanset reglerne i § 25, stk. 5, vælge at anvende realisationsprincippet på lån i fremmed valuta og de obligationer i danske kroner med en pålydende rente, som er lig med eller højere end mindsterenten efter § 38, jf. § 14, der er udstedt til finansiering heraf. Adgangen til at vælge realisationsprincippet er betinget af, at lånet er ydet i henhold til den statslige rentestøtteordning vedrørende skibsbygning på danske værfter på baggrund af en kontrakt, der er indgået inden den 1. januar 1998, og at aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, også anvender realisationsprincippet på de indgåede swapaftaler, jf. § 43, stk. 4.

*Stk. 12.* Selskaber m.v., som efter tidligere gældende regler har fået tilladelse til at anvende en anden opgørelsesmåde end realisationsprincippet ved opgørelsen af gevinst og tab på fordringer og gæld, bevarer denne tilladelse. 1. pkt. gælder dog ikke for selskaber m.v., der er omfattet af § 25, stk. 5, eller § 28.

*Stk. 13.* Ved opgørelsen af skattepligtige gevinster og tab i indkomståret 1998 på fordringer som nævnt i § 28, der var til stede ved indkomstårets begyndelse, træder værdien ved fordringens anskaffelse i stedet for værdien efter § 28 ved begyndelsen af indkomståret 1998, såfremt der er tale om fordringer, hvor selskabet hidtil har anvendt realisationsprincippet ved opgørelsen af skattepligtige gevinster og tab. Har selskabet ikke anvendt realisationsprincippet ved opgørelsen af skattepligtige gevinster og tab, træder den af selskabet anvendte skattemæssige værdi ved udgangen af indkomståret 1997 i stedet for værdien efter § 28 ved begyndelsen af indkomståret 1998.

*Stk. 14.* Ved opgørelsen af gevinst og tab på fordringer og gæld vedrørende fast ejendom, der er erhvervet henholdsvis påtaget før indkomståret 1998, kan selskaber m.v., der er skattepligtige efter selskabsskattelovens § 2, stk. 1, litra b, dvs. udenlandske selskaber, der ejer fast ejendom her i landet, ved anvendelse af reglerne i § 26, stk. 2 og 3, i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien pr. 31. december 1997. Selskaber m.v. med forskudt indkomstår kan desuden benytte værdien ved begyndelsen af indkomståret 1998.

*Stk. 15.* Ved opgørelsen af gevinst og tab på fordringer i danske kroner, der er erhvervet før den 27. december 1990, kan selskaber m.v., der ikke opfyldte betingelsen i § 2, 2. pkt., som affattet ved lovbekendtgørelse nr. 627 af 29. september 1987, som ændret ved lov nr. 255 af 25. april 1990 og lov nr. 386 af 13. juni 1990, dvs. ikke-næringsskattepligtige selskaber m.v., ved anvendelsen af reglerne i § 26, stk. 2 og 3, i stedet for anskaffelsessummen benytte værdien pr. 31. december 1990. Selskaber m.v. med forskudt indkomstår kan desuden benytte værdien ved begyndelsen af indkomståret 1991. Valget skal træffes samlet for samtlige fordringer under ét.

*Stk. 16.* Ved opgørelsen af gevinst og tab på fordringer og gæld, der er erhvervet henholdsvis påtaget før indkomståret 1986, kan selskaber m.v., der opfyldte betingelsen i § 2, 2. pkt., som affattet ved lov nr. 532 af 13. december 1985, men som ikke var omfattet af ligningslovens § 4, dvs. visse næringsskattepligtige selskaber m.v., ved anvendelsen af reglerne i § 26, stk. 2 og 3, i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien ved begyndelsen af indkomstår 1986 eller værdien pr. 31. december 1985. Skattepligtige omfattet af fondsbeskatningsloven kan i de i 1. pkt. nævnte tilfælde i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien ved begyndelsen af indkomståret 1987 eller værdien pr. 31. december 1986.

*Stk. 17.* Ved opgørelsen af gevinst og tab på fordringer og gæld i fremmed valuta, der er erhvervet henholdsvis påtaget før indkomståret 1986, kan selskaber m.v., der ikke var skattepligtige af sådanne gevinster og tab før gennemførelsen af lov nr. 532 af 13. december 1985, ved anvendelsen af reglerne i § 26, stk. 2 og 3, i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien ved begyndelsen af indkomståret 1986 eller værdien pr. 31. december 1985. Skattepligtige omfattet af fondsbeskatningsloven kan i de i 1. pkt. nævnte tilfælde i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien ved begyndelsen af indkomståret 1987 eller værdien pr. 31. december 1986.

**§ 42.** Fordringer, der er udstedt før den 2. oktober 1985, anses for udstedt med en pålydende rente, der er lig med eller højere end mindsterenten efter § 38, jf. § 14.

*Stk. 2.* § 16, 3. og 6. pkt., har virkning for regreskrav, som erhverves på grundlag af kautionsforpligtelser påtaget den 27. juni 1992 eller senere.

*Stk. 3.* § 16, 4.-6. pkt., har virkning for fordringer, der er erhvervet den 6. april 1994 eller senere. For regresfordringer, der er erhvervet den 6. april 1994 eller senere, dog kun såfremt de erhverves på grundlag af kautionsforpligtelser, der er påtaget den 27. juni 1992 eller senere.

*Stk. 4.* § 18 har virkning for tab, der vedrører tiden efter den 30. november 1994.

*Stk. 5.* § 19, stk. 2, har virkning for tab, der konstateres i indkomståret 1998 eller senere.

*Stk. 6.* § 22, stk. 1, omfatter ikke gæld, der er stiftet før den 11. december 1985.

*Stk. 7.* § 22, stk. 2, har virkning for gæld, der er stiftet eller overtaget den 1. februar 1995 eller senere. Det gælder dog ikke gæld, der er stiftet før den 11. december 1985.

*Stk. 8.* § 22, stk. 3, har virkning for kontantlån, der helt eller delvis indfries ekstraordinært den 1. januar 1996 eller senere, når lånet er stiftet den 1. januar 1996 eller senere eller lånet er overtaget den 1. januar 1996 eller senere, dog kun såfremt lånet er blevet udbetalt til den første debitor den 27. juni 1993 eller senere.

*Stk. 9.* Personer og dødsboer, som for indkomståret 1998 eller senere skifter fra lagerprincippet til realisationsprincippet i henhold til § 25, skal anvende ultimoværdien for fordringer og gæld for det seneste indkomstår før ændring af opgørelsesmåden som henholdsvis anskaffelsessum for fordringen eller forpligtelsens værdi for gælden ved en senere opgørelse af gevinst og tab på de pågældende fordringer og gæld. Ved ændring fra realisationsprincippet til lagerprincippet anvendes fordringens anskaffelsessum eller forpligtelsens værdi ved stiftelsen, jf. dog stk. 11-15, som værdien primo for det første indkomstår, hvor ændringen har virkning fra.

*Stk. 10.* Personer og dødsboer, der efter tidligere gældende regler har fået tilladelse til at anvende en anden opgørelsesmåde end realisationsprincippet ved opgørelsen af gevinst og tab på fordringer og gæld, bevarer denne tilladelse.

*Stk. 11.* Ved opgørelsen af gevinst og tab på fordringer og gæld vedrørende fast ejendom, der er erhvervet henholdsvis påtaget før indkomståret 1998, kan personer og dødsboer, der er skattepligtige efter henholdsvis kildeskattelovens § 2, stk. 1, nr. 5, og dødsboskattelovens § 1, stk. 3, jf. kildeskattelovens § 2, stk. 1, nr. 5, ved anvendelse af reglerne i § 26, stk. 2 og 3, i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien ved begyndelsen af indkomståret 1998 eller værdien pr. 31. december 1997.

*Stk. 12.* Ved opgørelsen af gevinst på fordringer, der er erhvervet for lånte midler, jf. § 15, jf. lovbekendtgørelse nr. 1002 af 26. oktober 2009, før den 16. juni 1992, kan personer og dødsboer, der ikke er næringsskattepligtige, jf. § 13, ved anvendelsen af reglerne i § 26, stk. 2, i stedet for anskaffelsessummen benytte værdien den 16. juni 1992. Valget skal træffes samlet for samtlige fordringer under ét. I tilfælde, hvor sammenhængen mellem erhvervelse og lånoptagelse ikke klart fremgår af omstændighederne ved erhvervelsen, jf. § 15, stk. 2, jf. lovbekendtgørelse nr. 1002 af 26. oktober 2009, finder § 15 dog alene anvendelse for fordringer, der er erhvervet den 16. juni 1992 eller senere.

*Stk. 13.* Ved opgørelsen af gevinst og tab på fordringer og gæld i fremmed valuta, der er erhvervet henholdsvis påtaget før den 27. december 1990, og som ikke havde tilknytning til erhvervsmæssig virksomhed, kan personer og dødsboer ved anvendelsen af reglerne i § 26, stk. 2 og 3, i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien den 27. december 1990. Valget skal træffes samlet for samtlige fordringer og forpligtelser under ét.

*Stk. 14.* Ved opgørelsen af gevinst og tab på fordringer, der er erhvervet før indkomståret 1986, kan personer og dødsboer omfattet af § 13, dvs. pengenæringsdrivende, ved anvendelsen af reglerne i § 26, stk. 2, i stedet for anskaffelsessummen benytte værdien ved begyndelsen af indkomståret 1986 eller værdien pr. 31. december 1985.

*Stk. 15.* Ved opgørelsen af gevinst og tab på fordringer og gæld i fremmed valuta, der er erhvervet henholdsvis påtaget før indkomståret 1986 og havde tilknytning til erhvervsmæssig virksomhed, kan personer og dødsboer ved anvendelsen af reglerne i § 26, stk. 2 og 3, i stedet for anskaffelsessummen henholdsvis værdien ved forpligtelsens påtagelse benytte værdien ved begyndelsen af indkomståret 1986 eller værdien pr. 31. december 1985.

**§ 43.** § 29 har virkning for kontrakter, der erhverves den 1. juli 1991 eller senere. § 29, stk. 3, gælder dog ikke fordringer, hvor den første kreditor i henhold til fordringen har erhvervet den efter udstedelsen og denne erhvervelse er sket inden den 4. maj 2005.

*Stk. 2.* For finansielle kontrakter, der var omfattet af § 8 C, som affattet ved lovbekendtgørelse nr. 660 af 4. juli 1996, men som med virkning fra 1. januar 1997 omfattes af reglerne i § 30, foretages en opgørelse af gevinst og tab pr. 31. december 1996, idet værdien den 31. december 1996 træder i stedet for værdien ved indkomstårets udløb. For aktiver, der ligger til grund for finansielle kontrakter omfattet af 1. pkt., anvendes aktivets værdi den 31. december 1996 eller den aftalte pris, såfremt denne er højere (erhvervelse) eller lavere (afståelse), som anskaffelsessum henholdsvis afståelsessum ved en senere opgørelse af gevinst eller tab på det pågældende aktiv efter skattelovgivningens almindelige regler.

*Stk. 3.* Tab på finansielle kontrakter, der er konstateret før 1. januar 1997, og som fremføres til indkomståret 1997 eller senere, behandles efter de regler, der er angivet i denne lov.

*Stk. 4.* Skattepligtige, som efter de hidtil gældende regler har fået tilladelse til at anvende realisationsprincippet i stedet for lagerprincippet ved opgørelsen af gevinst og tab på kontrakter, bevarer denne tilladelse. 1. pkt. gælder ikke for de i § 9 nævnte institutter, idet aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, dog kan vælge at bevare fondens hidtidige tilladelse til at anvende realisationsprincippet på swapaftaler, der er indgået i tilknytning til lån i fremmed valuta og de obligationer i danske kroner med en pålydende rente, som er lig med eller højere end mindsterenten efter § 38, jf. § 14, der er udstedt til finansiering heraf. Adgangen til at vælge realisationsprincippet er betinget af, at lånet er ydet i henhold til den statslige rentestøtteordning vedrørende skibsbygning på danske værfter på baggrund af en kontrakt, der er indgået inden den 1. januar 1998, og at aktieselskaber, der er omfattet af lov om et skibsfinansieringsinstitut, også anvender realisationsprincippet på de tilknyttede lån og obligationer, jf. § 41, stk. 11.

*Stk. 5.* Skattepligtige, som fra den 1. januar 1997 eller senere skifter fra realisationsprincippet til lagerprincippet, skal anvende kontraktens anskaffelsessum som værdien primo for det første indkomstår, hvor ændringen skal have virkning fra.

*Stk. 6.* Tab på finansielle kontrakter, der er konstateret i indkomståret 2009 eller tidligere, og som efter reglerne i § 31 i lovbekendtgørelse nr. 140 af 5. februar 2008 kunne have været fremført til fradrag i indkomståret 2010 eller senere, men som hverken omfattes af § 31 eller § 31 A, behandles efter reglerne i § 31, stk. 3.

**§ 44.** Loven gælder ikke for Færøerne og Grønland.

*Skatteministeriet, den 29. september 2022*

P.M.V.

Jens Brøchner

/ Søren Schou

### Officielle noter

[1] § 1, stk. 5 og 6, er ophævet ved § 2, nr. 1, i lov nr. 1124 af 19. november 2019. Ændringen har virkning for gevinst og tab ved afståelser og indfrielser, der sker fra og med den 1. januar 2020. Fordringer og gæld, som den 31. december 2019 er omfattet af kursgevinstlovens § 1, stk. 5 eller 6, anses for afstået og generhvervet eller for frigjort og genpåtaget den 31. december 2019 til værdien samme dag.

[2] Med lov nr. 724 af 25. juni 2010 blev »mindsterentereglen« i kursgevinstlovens § 14, stk. 2, jf. kursgevinstlovens § 38, ophævet. Samtidig med ophævelsen af den hidtidige sondring mellem blå- og sortstemplede fordringer harmoniseredes reglerne om beskatningen af fordringer i danske kroner og udenlandske valuta, idet gevinst og tab på fordringer generelt blev gjort skattepligtige henholdsvis fradragsberettigede uanset forrentningen og uanset, om fordringen udstedes i danske kroner eller udenlandsk valuta. Ændringen fik virkning fra den 27. januar 2010, dog således, at blåstemplede fordringer erhvervet inden den 27. januar 2010 vedbliver med at være skattefri for kreditor i dennes ejertid. Skattepligten på fordringen indtræder først i forbindelse med et efterfølgende salg til en ny erhverver. Ligeledes vil gevinst på sortstemplede fordringer erhvervet inden den 27. januar 2010 stadigt være skattepligtig, mens tab ikke er fradragsberettiget for kreditor. Ved senere overdragelse af fordringen vil den nye kreditor have fradrag for eventuelle tab på fordringen.

[3] Ved lov nr. 1883 af 29. december 2015 blev overkurs opnået ved refinansiering af et lån omfattet af skattepligten efter kursgevinstlovens § 22, stk. 1. Ændringen har virkning for gæld, som er stiftet den 10. november 2015 eller senere. Låntagere, som har optaget et lån før den 10. november 2015, vil ikke være skattepligtige af den overkurs, som låntagerne måtte opnå ved efterfølgende refinansieringer i lånets løbetid.

[4] For personer og dødsboer, som efter den hidtidige affattelse af kursgevinstlovens § 25, stk. 2, jf. lovbekendtgørelse nr. 1113 af 18. september 2013, har valgt at anvende lagerprincippet ved opgørelse af gevinst og tab på obligationer optaget til handel på et reguleret marked, men hvor der efter kursgevinstlovens § 25, stk. 2, som affattet ved lov nr. 202 af 27. februar 2015, ikke er adgang til at vælge lagerprincippet, bevares det trufne valg for de obligationer, som personen eller dødsboet har erhvervet inden påbegyndelse af et indkomstår, som påbegyndes den 1. marts 2015 eller senere. § 22, stk. 14, i lov nr. 525 af 12. juni 2009 finder fortsat anvendelse på ikkebørsnoterede fordringer og gæld, som personen eller dødsboet har erhvervet henholdsvis påtaget sig inden udløbet af indkomståret 2009.

5) — For companies, etc., which according to the previous wording of the Capital Gains Act § 25, subsection 4, cf. Legislative Decree no. 1113 of 18 September 2013, has chosen to apply the inventory principle when calculating gains and losses on receivables covered by § 4 of the Capital Gains Act, the company etc. may instead of this calculation method choose to apply the inventory principle to gains and losses, resulting from exchange rate changes, on such receivables in foreign currency, from the income year 2010, if before the end of the tax return deadline for the first income year, which begins on 1 March 2015 or later, the customs and tax administration has been notified of this, cf. Act no. 202 of 27 February 2015. Section 41 of the Capital Gains Act, subsection 10, applies accordingly. If the storage principle is chosen, cf. 1st point, this choice applies collectively to claims covered by Section 4 of the Capital Gains Act, which were acquired before the start of an income year which begins on 1 March 2015 or later. The choice does not mean that this calculation method must be considered chosen for all exchange rate changes on receivables and payables in accordance with Section 25, subsection of the Capital Gains Act. 4, as drafted by Act No. 202 of 27 February 2015.

6) — For companies, etc., which according to the previous wording of the Capital Gains Act § 25, subsection 4, cf. Legislative Decree no. 1113 of 18 September 2013, has chosen to use the inventory principle when calculating gains and losses on debt in foreign currency that is not admitted to trading on a regulated market, the choice made is retained for the debt, which the company has undertaken before the start of an income year which begins on 1 March 2015 or later, cf. Act No. 202 of 27 February 2015. Section 22, subsection 15, in Act No. 525 of 12 June 2009 continues to apply to non-listed debt that the company etc. has taken on before the end of the 2009 income year.

7) — For companies, etc., which according to the previous wording of the Capital Gains Act § 25, subsection 4, cf. Legislative Decree no. 1113 of 18 September 2013, has chosen to apply the inventory principle when calculating gains and losses on consideration receivables or debts admitted to trading on a regulated market, but where, according to the amended wording of the Capital Gains Act's § 25, subsection 4, cf. Act No. 202 of 27 February 2015, it is not possible to choose the stock principle, the choice made is preserved for the claims and debts that the company etc. have acquired or assumed before the start of an income year, which begins 1 .March 2015 or later.

8) — Section 26, subsection of the Capital Gains Act. 3 and 4, as drafted by Act No. 724 of 25 June 2010, has effect for the calculation of gains and losses on receivables and debts, where the assignment or release or redemption takes place on 27 January 2010 or later. If a taxpayer covered by Section 26 of the Capital Gains Act, subsection 4, as drafted by Act No. 724 of 25 June 2010, on 26 January 2010 own bonds registered in a central securities depository within the same fund code, cf. the previously applicable section 26, subsection 2, in the Capital Gains Act, or receivables in foreign currency which are issued on the same terms and by the same issuer, cf. the hitherto applicable section 26, subsection 3, of the Capital Gains Act, the receivables acquired on 26 January 2010 are considered to be the average acquisition sum for all receivables within each fund code or receivables issued on the same terms by the same issuer. 2nd point applies similarly to debts. Reference is made to section 20, subsection 5, in Act No. 724 of 25 June 2010.

9) — For persons whose tax liability has ceased, or whose tax domicile has moved before 1 July 2010, and who, according to the hitherto applicable Section 73 E of the Withholding Tax Act, has or will receive a deferral of the tax that was calculated according to the hitherto applicable Section 37 of the Capital Gains Act, upon cessation of tax liability or relocation of tax domicile, the deferred amount becomes due for payment when the assets are relinquished, the debt is paid off or the taxpayer dies. A notification must be submitted to the customs and tax administration about the relinquishment or redemption no later than July 1 of the year following the year of relinquishment or redemption or the year of death. If notification is not submitted in time, the grace period expires and the tax is considered overdue. The deadline for payment of overdue amounts is 1 October in the year following the year of relinquishment or redemption, respectively the year of death, with the last timely payment day being the 20th of the due month. If the deferred amount is not paid on time, interest is accrued on the overdue amount with the interest according to § 7, subsection 2, in the Act on the Collection of Taxes and Duties, etc. with an addition of 0.4 percentage points per month starting from the due date.

## About

Retsinformation.dk is the entrance to the joint state legal information system, which provides access to all applicable laws, executive orders and circulars, etc. There is also access to the documents of the Folketing and reports from the Ombudsman of the Folketing.
Cookies are not used on retsinformation.dk.

## Also visit

Select site

**About Legal Information**  |  **Contact**  |  **FAQ**  |  **About ELI**  |  **API**  |  **Availability Statement**