# Exhibit 19 Part 2

OLD PARK LANE CAPITAL PLC⁺

14.3   You agree and acknowledge that any Trade Reporting shall be subject to you providing the Custodian or any service provider with such information that is required for Trade Reporting and as early as practicably possible.

14.4   At present, the Custodian does not charge for Trade Reporting, if the Custodian does decide to charge for Trade Reporting in the future, the Custodian shall give you reasonable advance notice of the applicable charges and the arrangements for payment.

15.   **INSTRUCTIONS**

15.1   The Custodian may rely upon and act upon any instruction which has been given by you or on your behalf (by any person notified by you to the Custodian from time to time as authorised) unless the Custodian has received written notice to the contrary (whether or not the authority of any such person shall have been terminated). Any instruction to be given to the Custodian shall be in such form as may be specified by the Custodian from time to time and shall be sent to the Custodian's address (as notified to you from time to time by the Custodian) and will take effect upon its actual receipt.

15.2   Any such instructions as provided in clause 15.1 will be acknowledged and acted upon by the Custodian unless you are advised that the Custodian believes that such action may not be practicable or might involve either party breaching applicable law or FCA Rules.

16.   **REPRESENTATIONS AND WARRANTIES**

16.1   By clicking the button "You agree to the terms and conditions of the Custodian" on Gangway, you hereby represent and warrant to the Custodian on the Effective Date and on a continuing basis that:

   16.1.1   you are a duly incorporated or formed entity validly existing under the laws of its jurisdiction of incorporation or formation and have all requisite corporate power and authority to own assets and conduct business as it is being conducted;

   16.1.2   each Authorised Trader will have been approved by you prior to trading and are duly authorised by you to perform all the actions made available as part of the Portal Services;

   16.1.3   you have full corporate or other applicable authority and power to execute, deliver and perform your obligations under these Terms, to deal with the Property in the manner contemplated pursuant to these Terms and to carry out the Transactions;

   16.1.4   you have taken all necessary corporate, shareholder, member, manager or other action and obtained all required or desirable authorisations to enable you to execute, deliver and perform your obligations under these Terms and the transactions contemplated herein and to make these Terms admissible in evidence in your jurisdiction of incorporation or formation, and any such authorisations obtained or effected are in full force and effect;

   16.1.5   the execution, delivery and performance of the obligations herein, and these Terms, do not and will not contravene or conflict with:

      (A)   your constitutional documents;

      (B)   any agreement or instrument binding on your assets, or constitute a default or termination event (however described) under any such agreement or instrument; or

      (C)   any applicable law or regulation or judicial or official order;

CONFIDENTIAL

16.1.6     your obligations under these Terms are legal, valid, binding and enforceable and these Terms constitute legal, valid and binding obligations enforceable in accordance with its terms;

16.1.7     you are the legal and beneficial owner and have good, valid and marketable title to all of your assets and neither the Property nor any part of it is subject to any encumbrance or security interest which would prevent the Custodian from performing its obligations under these Terms;

16.1.8     you have taken your own investment, financial, tax, accounting or legal advice in respect of any Transaction and the services provided under these Terms. If applicable, you specifically understand that certain transactions are prohibited by Internal Revenue Code 4975 (as amended from time to time) ("**Prohibited Transaction**") and you acknowledge that you are solely responsible for making a determination of a Prohibited Transaction. For the avoidance of doubt, the Custodian and its affiliates do not provide legal, accounting, tax, financial and investment advice in relation to Transactions that are subject to these Terms;

16.1.9     nothing in these Terms shall be construed as conferring fiduciary status upon the Custodian;

16.1.10     the Fees set out at Clause 19 (Fees) have been agreed between the parties on reasonable commercial terms for the services set out in these Terms;

16.1.11     you have not relied on or been induced to enter into these Terms by any representation or warranty of any nature, whether express or implied, other than expressly set out in these Terms and the Custodian is not liable to you for any representation or warranty of any nature, whether express or implied, except for those set out in these Terms; and

16.1.12     the choice of English law as the governing law of these Terms will be recognised and enforced in its jurisdiction of incorporation and any judgment obtained in England or Wales in relation to these Terms will be recognised and enforced in that jurisdiction.

## 17. DATA PROTECTION

17.1     Under these Terms, the Custodian may receive Personal Data.

17.2     The Custodian warrants that it shall:

17.2.1     process the Personal Data for the purpose of providing any services under these Terms;

17.2.2     take appropriate technical and organisational measures against the unauthorised or unlawful processing, accidental loss of or destruction or damage to Personal Data; and

17.2.3     process the Personal Data in compliance with all applicable laws and regulations.

## 18. CONFIDENTIALITY

18.1     You will not disclose information of a confidential nature acquired in consequence of these Terms, except for information which you may be entitled or bound to disclose by law or regulation, or which is requested by any regulatory or supervisory body or court of competent jurisdiction, or which is disclosed to your advisers if reasonably necessary for the performance of their professional services.

CONFIDENTIAL

JHVM_0004748

**OLD PARK LANE CAPITAL PLC⁺**

18.2 Notwithstanding Clause 18.1, you shall keep in strict confidence all technical and/or commercial know-how, specifications, inventions, processes or initiatives which are of a confidential nature and have been disclosed by the Custodian to you and disclosed by you to your employees and officers and any other confidential information concerning the Custodian's business or Custodian's products which you may obtain, including but not limited to, the Portal Services and the Portal. You shall ensure that your employees and officers, to whom you disclose such information comply with this Clause 18.2.

18.3 You shall not use any such information provided under these Terms for any purpose other than to perform your obligations under these Terms.

18.4 All materials and data supplied by the Custodian to you shall, at all times, be and remain the property of the Custodian or an agent of the Custodian, and shall not be disposed of or used other than in accordance with the Custodian's written instructions or authorisation.

18.5 The Custodian may disclose information relating to you and/or the Property to any affiliates, delegates and agents under these Terms, to any market counterparty or any broker (in accordance with market practice) in relation to Transactions undertaken by you and, where relevant, to Jarvis or any other sub-custodian or service provider appointed by the Custodian to assist or enable the proper performance of its services under these Terms.

18.6 For the avoidance of doubt, the Custodian shall not, when performing any Trade Reporting, be considered in breach of any restriction on disclosure of information imposed by an agreement or by any legislative, regulatory or administrative provisions.

19. **FEES**

19.1 You agree to immediately pay the Custodian for its services under these Terms when due and payable and in the amount as set out in the Schedule 3 (Pricing Schedule) (as amended from time to time), together with the Custodian's reasonable out of pocket and/or incidental expenses and all such fees shall be invoiced to you quarterly in arrears (as amended from time to time) ("**Fees**"). All Fees shall be paid within 30 days from the invoice date without any set-off, deduction or withholding. If you fail to pay an invoice when due, the Custodian shall, without prejudice to any other right or remedy it may have, be entitled (but not obliged to):

19.1.1 charge interest on the overdue amount at the rate of 6% above the Bank of England Rate at 11am London time, on the date on which it is to be determined. Interest will accrue daily on a compound basis and be calculated according to the actual number of days elapsed; and/or

19.1.2 on giving no less than 5 days' written notice to you, in its discretion suspend or restrict any services provided under these Terms until the date of actual payment.

19.2 Any amounts expressed in these Terms as being payable by you are expressed exclusive of any tax including, without limitation, any value added tax, stamp duty, registration or any other taxes which may be chargeable as a result of a Transaction and that you shall pay (in addition to and at the same time as paying any other consideration pursuant to these Terms) an amount equal to the amount of that tax (and the Custodian must provide an appropriate tax invoice to you evidencing such amount (if applicable)). Such taxes will be payable by the Supplier at the rate and in the manner prescribed by law.

20. **SCOPE OF RESPONSIBILITY**

20.1 The Custodian will use all reasonable care in performing its obligations under these Terms.

20.2 If Jarvis or any other sub-custodian should fail to deliver any necessary documents or to account for any Investments, the Custodian will take all reasonable steps on behalf of you to recover such documents or Investments, or any sums due, or compensation in lieu thereof. All reasonable costs incurred by the Custodian shall be paid by you.

TERMS AND CONDITIONS FOR CUSTODY SERVICES
JANUARY 2015

11

CONFIDENTIAL

JHVM_0004749

# OLD PARK LANE CAPITAL PLC[+]

20.3   Notwithstanding Clause 20.2 above, the Custodian will not be liable for any act or omission, or for the insolvency, of Jarvis or any other sub-custodian appointed by the Custodian or for any loss arising therefrom unless any loss suffered by you is directly caused by a breach by the Custodian of its obligations in relation to the selection and monitoring of Jarvis or any other sub-custodian set out in Clause 3.3.

20.4   You shall indemnify and hold harmless the Custodian, Jarvis and any other sub-custodian (including their respective employees, officers, directors and agents) from and against any and all claims (including third party claims), demands, legal actions or proceedings and all liabilities, damages, losses, expenses and costs (including legal and accounting fees and expenses, collectively "**Losses**") arising out of or incidental to your use of, or access to any services provided by the Custodian or any associated third party services or equipment provided under these Terms except to the extent that any Losses, as finally determined by a Court of competent jurisdiction, were caused solely and directly by fraud, gross negligence or wilful misconduct of the Custodian. In no circumstances will the Custodian have any liability arising from these Terms for any indirect, special, incidental, speculative, punitive or consequential loss or damage of any kind whatsoever (including but not limited to lost profit, goodwill, business opportunity or anticipated savings) ("**Excluded Losses**"), even if the Custodian was aware of the possibility of such damages and regardless of the form of action.

20.5   The Custodian shall have no liability to you in respect of defect, delay, failure or non-performance of the Portal or any of the Portal Services, to the extent that such defect, delay, failure or non-performance arose or was exacerbated by:

   20.5.1   your failure to comply with your obligations under these Terms; or

   20.5.2   any other matter outside of the Custodian's reasonable control, including without limitation the failure by you or any third party system or other infrastructure on which the Software or Services depend.

20.6   In the event that that the Custodian is in breach of these Terms and such breach is reasonably capable of remedy, you agree that you will not bring a claim for damages against the Custodian in respect thereof without first having given the Custodian reasonable opportunity to remedy the breach, whether by correcting the defective Portal or Portal Services or otherwise.

20.7   The Custodian's maximum aggregate liability in respect of all Losses (excluding any Excluded Losses) arising under or in connection with these Terms shall not exceed € 120,000 at any time.

20.8   You acknowledge and understand that any and all risk and trading losses arising from or as a result of any instructions submitted on behalf of you will be your responsibility and that the Custodian will in no way be responsible for these.

20.9   You agree and acknowledge that:

   20.9.1   you alone are responsible for the payment of all taxes that may arise in relation to any Transactions and that the Custodian shall not be responsible for any taxes that may arise as a change in law or practice, or by reason of you paying tax in a jurisdiction other than the United Kingdom.

   20.9.2   the responsibility of the completeness and accuracy of Trade Reporting remains with you as counterparty at all times and that you do not relieve yourself of your obligations of Trade Reporting or any other obligations to report trades pursuant to EMIR or any other applicable law or regulation;

   20.9.3   the Custodian or any service provider is only assisting with Trade Reporting; and shall be in no way responsible for Trade Reporting; and

CONFIDENTIAL                                                                                                          JHVM_0004750

20.9.4 the Custodian or any service provider shall not be (a) providing any advice relating to Trade Reporting, in particular whether you are required to undertake Trade Reporting and (b) advising on the merits of any Trade Reporting.

20.10 Nothing in these Terms or any services the Custodian provides to you shall give rise to any fiduciary or equitable duties by the Custodian to you beyond the services and duties which are expressly contemplated by these Terms.

20.11 Nothing in these Terms shall exclude or limit any liability of the Custodian which cannot be lawfully excluded or limited.

21. **STATEMENTS AND OTHER INFORMATION**

The Custodian will prepare statements at such intervals as may be agreed by the Custodian and you. The value of the Property shown on the statements will be determined by the Custodian using information received from reputable sources and/or the Custodian's reasonable judgement.

22. **TERMINATION**

22.1 You may terminate these Terms at any time on giving the Custodian at least five Business Days' written notice. If you give notice of termination, then you must, within ten Business Days of providing such notice, notify the Custodian of details of your new clearer, failing which the Custodian may elect (at any time after the ten Business Day notice period) either to retain such Property until such details are given, continue to charge fees due, or deliver such Property to you in accordance with the FCA Rules.

22.2 The Custodian may terminate these Terms at any time (which may be immediate and if given orally, shall be followed by written confirmation as soon as is practicable) to you. If the Custodian gives notice of termination, then you must, within ten Business Days, notify the Custodian of details of your new clearer, failing which the Custodian may elect (at any time after the ten Business Day notice period) either to retain such Property until such details are given, continue to charge fees due, or deliver such Property to you in accordance with the FCA Rules.

22.3 On termination, the Custodian will account to you for the Property held pursuant to these Terms and direct Jarvis or any other sub-custodian to do likewise.

22.4 If you give notice of termination pursuant to Clause 22.1, you shall pay to the Custodian all costs incurred by the Custodian in transferring all Property and records held under these Terms to another provider of services named by you.

22.5 The Custodian shall in any event be entitled to deduct any amounts owing to you prior to delivery of the Property (and, accordingly, the Custodian shall be entitled to sell any Investments and apply the sale proceeds in satisfaction of amounts owing to it).

22.6 If either party to these Terms terminates these Terms pursuant to Clause 22.1 or 22.2 the rights and obligations of the Custodian and you shall cease immediately on termination save for:

22.6.1 each party's accrued rights and obligations at the date of termination; and

22.6.2 the provisions of Clause 17, 18, 19, 20.6 to 20.11, 23, 30, 34, 35 and the Schedule 1 shall remain in full force and effect.

22.7 If these Terms are terminated pursuant to Clause 22.1 or 22.2, from the date of such termination Clause 23.6.2 shall remain effective until 5 years from the date of the termination of these Terms.

TERMS AND CONDITIONS FOR CUSTODY SERVICES
JANUARY 2015

13

CONFIDENTIAL

JHVM_0004751

**OLD PARK LANE CAPITAL PLC⁺**

23. **NOTICES**

Unless otherwise agreed or set out within these Terms, written notices (other than instructions) shall be made by email, registered mail or hand delivery to the address of the party concerned as set out on the first page of these Terms unless notice of a new address is given to the other party in writing or by email. Unless otherwise set out within these Terms, notice will not be deemed to be given unless it has been received. Where notice may be given by the Custodian by email, it shall be sent to the email address provided by you to the Custodian, and the provision of an email address by you to the Custodian constitutes consent by you to receiving such notices and other communication by email.

24. **FOREIGN LAW AND PRACTICE**

The Custodian draws to the attention of you the fact that, in certain overseas jurisdictions, there may be different settlement, legal and regulatory requirements to those applying in the UK and also different practices for the separate identification and segregation of your investments.

25. **RISK FACTORS**

Please remember that the price or value of investments can go down as well as up and that you may not get back the amount invested. Past performance is not necessarily a guide for future performance. Further risk factors are set out in Schedule 5 (Risk Factors).

26. **COMPLAINTS**

26.1 The Custodian operates a process to deal promptly and fairly with complaints in respect of business transacted under these Terms.

26.2 Any disputes or complaints with all relevant details must be notified to the Head of Global Securities Services for the Custodian as soon as reasonably practicable by any reasonable means. If the dispute or complaint is not resolved to your satisfaction, it may be further referred by you to the Head of Compliance for the Custodian.

26.3 Should you be dissatisfied with the handling of the dispute, you may have the right to refer the matter to the Financial Ombudsman Service ("**FOS**") as an eligible complainant. An eligible complainant is defined in the FCA Rules as a private individual, a business with a group annual turnover of less than £1 million, a charity with a total annual income of less than £1 million or a trust with a net asset value of less than £1 million. You must have an expression of dissatisfaction that involves allegations of financial loss, material distress or material inconvenience. Where this procedure is adopted, all relevant documentation must be lodged with the FOS within 6 months of the Custodian issuing you with a final response to your complaint.

26.4 The Custodian is a member of the Financial Services Compensation Scheme ("**FSCS**"). Under the FSCS individuals and small businesses that have lost money through the default of an investment firm may qualify for compensation. The actual level of compensation will depend on the basis of your claim. The maximum levels of compensation are: Deposits £100,000 per person per firm; Investments £50,000 per person per firm. Further details on the FSCS are available at www.fscs.org.uk or can be obtained from the Financial Services Compensation Scheme, 7th Floor, Lloyds Chambers, 1 Portsoken Street, London, E1 8BN.

27. **ASSIGNMENT**

27.1 You shall not assign, transfer, charge, mortgage, subcontract or deal in any other manner with all or any of your rights or obligations under these Terms.

27.2 The Custodian may at any time assign, transfer, charge, mortgage, subcontract or deal in any other manner with all or any of its rights or obligations under these Terms.

TERMS AND CONDITIONS FOR CUSTODY SERVICES
JANUARY 2015

14

CONFIDENTIAL

JHVM_0004752

**OLD PARK LANE CAPITAL PLC⁺**

28. **FORCE MAJEURE**

28.1  The Custodian shall be excused from the performance of its obligations under these Terms by any event that is beyond the reasonable control of the Custodian (and for the avoidance of doubt shall not be liable to you for any delay, damages or losses resulting from or caused by such event) including, without limitation, currency restrictions, suspension or disruption of the normal procedures and practices, or disruption of the infrastructure, of any securities market or securities system, interruptions in telecommunications or utilities, any communication, system or computer failure; market default and suspension or other similar events or acts.

28.2  You may be excused from the performance of your obligations under these Terms if an event is caused by the failure or closure, or the imposition or change of any law or governmental or regulatory requirement, nationalisation, expropriation, war, fire, explosion, flood, severe weather or other acts of God or any other event agreed by the Custodian.

29. **FURTHER ASSURANCE**

At your own expense you must promptly, upon request by the Custodian, execute such documents (in such form) and provide such information and do all such other acts that the Custodian may reasonably require for the purpose of giving full effect to any services under these Terms.

30. **NO RIGHTS UNDER CONTRACTS (RIGHT OF THIRD PARTIES) ACT 1999**

A person who is not a party to these Terms will have no rights under the Contracts (Right of Third Parties) Act 1999 to enforce any of its terms.

31. **PARTIAL INVALIDITY**

If, at any time, any provision of these Terms is or becomes illegal, invalid or unenforceable in any respect under any law of any jurisdiction, neither the legality, validity or enforceability of the remaining provisions nor the legality, validity or enforceability of such provisions under the law of any other jurisdiction will in any way be affected or impaired.

32. **SEVERANCE**

If any provision or part-provision of these Terms is or becomes invalid, illegal or unenforceable, it shall be deemed modified to the minimum extent necessary to make it valid, legal and enforceable. If such modification is not possible, the relevant provision or part-provision shall be deemed deleted. Any modification to or deletion of a provision or part-provision under this Clause shall not affect the validity and enforceability of the rest of these Terms.

33. **PREVIOUS AGREEMENT**

These Terms (as may be amended from time to time) constitute the entire agreement between the parties and cancels, supersedes and replaces all previous agreements in writing between the parties in relation to the appointment of the Custodian as your custodian.

34. **WAIVERS**

No failure or delay by any party in exercising any right or remedy provided by law under or pursuant to these Terms shall impair such right or remedy or operate or be construed as a waiver or variation of it or preclude its exercise at any subsequent time and no single or partial exercise of any such right or remedy shall preclude any other or further exercise of it or the exercise of any other right or remedy.

CONFIDENTIAL                                                                                                              JHVM_0004753

OLD PARK LANE CAPITAL PLC⁺

### 35. GOVERNING LAW AND JURISDICTION

35.1 These Terms (and any non-contractual obligations arising out of or in connection with it) will be governed by and construed in accordance with English law.

35.2 The English courts will have exclusive jurisdiction to settle any disputes or claims which may arise out of or in connection with these Terms (including a dispute relating to any non-contractual obligation arising out of or in connection with these Terms) for which purpose all parties agree to submit to such jurisdiction.

### 36. SERVICE OF PROCESS

Any party to these Terms who do not have a place of business in England and Wales shall at all times maintain an agent for service of process and any other documents in proceedings in England or any other proceedings in connection with these Terms.

CONFIDENTIAL                                                                 JHVM_0004754

# OLD PARK LANE CAPITAL PLC⁺

## SCHEDULE 1 (DEFINITONS)

| | |
|---|---|
| "Account" | means any and all accounts which you hold at any time with the Custodian for the purposes of entering into any Transaction; |
| "Authorised Trader" | means a person authorised by you to enter into Transactions for and on behalf of you and such Authorised Trader shall have been previously notified to the Custodian by you; |
| "Business Day" | means any day on which banks are open for business in the City of London (other than a Saturday or a Sunday); |
| "Cash" | means money in any currency credited to an account and any similar claim for repayment of money; |
| "Client Money" | as defined and set out in the Client Money Rules (for the avoidance of doubt this does not include TTC Funds); |
| "Client Money Rules" | means the FCA Rules in chapter 7 of that part of the FCA handbook known as CASS (as amended from time to time); |
| "Common Data" | means the data required to be reported to trade repositories pursuant to Table 2, Annex 1 to the Commission Delegated Regulation (EU) No. 148/2013 of 19 December 2012 (as applicable); |
| "Counterparty Data" | means the data required to be reported to trade repositories pursuant to Table 1, Annex 1 to the Commission Delegated Regulation (EU) No. 148/2013 of 19 December 2012 (as applicable); |
| "EMIR" | means Regulation (EU) No. 648 of the European Parliament and of the Council of 4 July 2012 on OTC derivatives, central counterparties and trade repositories entered into force on 16 August 2012 as supplemented by the Commission Delegated Regulation (EU) No. 148/2013 of 19 December 2012 and as amended or supplemented from time to time by any other regulation or law; |
| "FCA" | means the United Kingdom's Financial Conduct Authority or any successor body; |
| "FCA Rules" | means the rules of the FCA from time to time; |
| "FSCS" | means the United Kingdom's Financial Services Compensation Scheme; |
| "FSMA" | means the Financial Services and Markets Act 2000; |
| "Gangway" | means the electronic on-boarding system administering and collecting KYC and client information hosted by the Custodian; |
| "Investments" | means all assets other than your Cash held or administered pursuant to these Terms; |
| "Jarvis" | means Jarvis Investment Management Limited registered in England and Wales with company number 1844601 whose |

# OLD PARK LANE CAPITAL PLC⁺

|  |  |
|---|---|
|  | registered office is at Oxford House, 15-17 Mount Ephraim Road, Royal Tunbridge Wells, Kent TN1 1EN; |
| **"Personal Data"** | means information about you and your employees which may constitute personal data for the purposes of Data Protection Act 1998; |
| **"Portal"** | means an online portal to enable you to submit Requests any instructions that may be applicable to the Custodian; |
| **"Portal Services"** | means any services provided by the Portal; |
| **"Property"** | means any of your Cash and Investments held or administered pursuant to these Terms; |
| **"Request"** | means an electronic trade request to purchase, sell, lend or borrow equities, derivative contracts, futures, options and/or any other products as the parties may agree; |
| **"Request Acknowledgement"** | means an electronic mail from the Custodian to you which acknowledges receipt of the Request submitted by you; |
| **"Transactions"** | means any purchasing, selling, lending or borrowing of equities, debt securities, futures, options, derivative contracts and/or any other products as agreed between the Custodian and you in accordance with these Terms; and |
| **"TTC Funds"** | has the meaning given to it in Clause 8.2. |